Filed May 24, 1892.

---

No. 16,515.

THE FORT WAYNE LAND AND IMPROVEMENT COMPANY ET AL. *v.* THE MAUMEE AVENUE GRAVEL ROAD COMPANY.

GRAVEL ROAD.—*Including of Within Municipal Limits.—Exaction of Tolls.— How Affected.*—The extension of the limits of a municipal corporation, so as to embrace a turnpike owned by a private corporation can not take from the corporation the right to exact tolls.

SAME.—*Answer in Justification.*—An answer in justification is bad which assumes that the defendants had a right to the road within the corporate limits, the answer alleging that "said road when said acts complained of were done, became a public street of said city," and admit-

ting the destruction of a toll house and gate belonging to the turnpike company, but attempting to justify the act by alleging that they were worthless. If the toll house was the property of the turnpike company, the defendants had no right remove or confiscate it, even if it was valueless. An answer in justification must fully justify the wrongful acts charged in the complaint, or it will be insufficient.

From the Allen Superior Court.

*W. J. Vesey* and *O. N. Heaton,* for appellants.

*R. C. Bell, S. R. Morris, J. Morris* and *J. M. Barrett,* for appellee.

ELLIOTT, C. J.—The first question in this case may be thus stated: Does the extension of the limits of a municipal corporation, so as to embrace a turnpike owned by a private corporation, take from the corporation the right to exact tolls? In our opinion this question is free from difficulty. It was settled in the Dartmouth College case, that the charter of a private corporation invests it with contract rights which can not be divested or impaired, save by condemnation under the sovereign power of eminent domain. That power, as is well known, can not be exercised except in cases where private property is secured by due process of law, and upon the payment of just compensation. The property of a private corporation can no more be taken without due process of law, and upon just compensation, than can the property of a natural person. The franchise of exacting toll is property, and as such is within the protection of the paramount law. It is simply the application of a broad fundamental principle to a particular instance to adjudge that a turnpike company can not be deprived of its road or its franchises by an extension of the limits of a municipal corporation. The authorities are in substantial agreement upon this question. *People, ex rel.,* v. *Detroit, etc., R. R. Co.,* 37 Mich. 195; *State* v. *Passaic T. P. Co.,* 27 N. J. L. 217; *Commonwealth* v. *Covington, etc., T. P. Co.* (Ky.), 5 S. W. R. 743. See also authorities cited in Elliott Roads and Streets, pp. 57,

58.   The decision in *Snell* v. *City of Chicago*, 133 Ill. 413, rests upon a statute, and is not relevant to the question here in dispute.   We have no statute which subjects the property rights of a private corporation to the power of a municipal corporation, except in so far as such rights may be subordinate to the police power.

The sixth paragraph of the answer of the appellants is one of justification, and, as is well known, such an answer must fully justify the wrongful acts charged in the complaint or it will be insufficient.   The answer before us does not justify the acts of the appellants. in asserting, as the complaint alleges they do, the right to deprive the appellee of its property, but, on the contrary, assumes that they have a right to the road within the corporate limits, for it is alleged that " said road, when said acts complained of were done, became a public street of said city."   The answer does not justify the claim of the appellants to the right to destroy the toll gate and take away the franchise of collecting toll, inasmuch as it admits the destruction of the toll house and gate, and attempts to justify the act by alleging that they were worthless.   If the toll house was the property of the appellee, the appellants had no right to remove or confiscate it, even if it was valueless.   The answer is bad.

The question of the power of the municipality to reduce the road to grade, and make it safe for use by the public, is not presented.   The power to seize and appropriate the road is one thing and the power to make the highway safe and convenient for travel is quite a different thing.   The infirmity in the answer is that it bases the justification upon a theory entirely too broad.   It is probably true that as all property is held subject to the police power, a municipal corporation may reduce a turnpike to grade if the public safety or welfare so demands.   See authorities cited.   Elliott Roads and Streets, pp. 58, 59, 60.

Judgment affirmed.

Filed March 30, 1892; petition for a rehearing overruled June 7, 1892.