IN THE

# SUPREME COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1912, AND NOVEMBER TERM, 1912, IN THE NINETY-SIXTH AND NINETY-SEVENTH YEARS OF THE STATE.

---

## SCHOOL TOWN OF ANDREWS ET AL. *v.* HEINEY.

[No. 22,188. Filed May 29, 1912.]

1. CONSTITUTIONAL LAW.—*Statutes.*—*Construction.*—Where a construction can be given to a statute which will not render it unconstitutional, that construction will be adopted, even though it may be to eliminate a part of the act, if any portion of the remainder may be so disassociated from it as to leave such portion sensible, complete and capable of being executed alike against all similarly situated or affected. p. 6.

2. CONSTITUTIONAL LAW.—*Statutes.*—*Exercise of Police Power.*— *Construction.*—Courts will not strike down acts of the legislature so long as they are exercised in the regulation of persons or property to promote the health, life, morals, education or good order of the people under the police power, and are not in conflict with some constitutional prohibition, even though they seem to be opposed to the spirit supposed to pervade the Constitution, or to infringe upon private rights. p. 6.

3. CONSTITUTIONAL LAW.— *Confiscation of Property.*—*Police Power.* —Property cannot be arbitrarily taken or confiscated under the guise of the police power. p. 7.

4. CONSTITUTIONAL LAW.— *"Taking of Property."*— There is a taking of property within the constitutional provision, where the act involves an actual interference with, or disturbance of property rights, which are not merely consequential or incidental injuries to property or property rights, as distinguished from prohibition of use, or enjoyment, or destruction of interests in property. p. 7.

5. CONSTITUTIONAL LAW.—*"Taking of Property."*—*Denying Use of Property for School Purposes.*—To prohibit the erection of a new school building on an old site, for the reason that it is within 500 feet of a steam railroad, where it is shown that if the use of the land and buildings for school purposes is discontinued the property reverts to the grantor, would constitute a taking of property without just compensation under due process of law. pp. 8, 10.

6. SCHOOLS AND SCHOOL DISTRICTS.—*Buildings.*—*Location.*—*Statutes.*—*Construction.*—The act of March 1, 1911 (Acts 1911 p. 118), prohibiting sites and buildings for school purposes within 500 feet of steam railroads, etc., properly construed, only applies to sites acquired after its enactment and does not prohibit the erection of school buildings on locations acquired prior thereto. p. 8.

7. CONSTITUTIONAL LAW.—*Statutes.*—*Ambiguities.*—*Construction.*—Where a statute is ambiguous or doubtful, or where the spirit or intent rather than the strict letter governs, or where the legislative direction is not clear or certain, courts are authorized to read into it language which will save it, especially when to do so will affect a future rather than a past status of property. p. 9.

8. STATUTES.—*Construction.*—*Operation.*—*Derogative of Common-Law Right.*—If possible, a statute will be treated as operating prospectively, especially when in derogation of a common-law right. p. 9.

From Huntington Circuit Court; *Samuel L. Morris,* Special Judge.

Action by Charles Heiney against the School Town of Andrews and others. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Lesh & Lesh,* for appellants.

*C. W. Watkins, Milo Feightner* and *B. H. Hurd,* for appellee.

MYERS, J.—Action by appellee as a taxpayer, and a patron of the public schools of Dallas township, Huntington county, Indiana, to enjoin the school town of Andrews and the school township of Dallas, in Huntington county, Indiana, from erecting a school building in the town of Andrews, Indiana, which is in the township of Dallas, on a site within 500 feet of the Wabash railroad, where it passes through said town, on the theory that the act of the legislature ap-

proved March 1, 1911 (Acts 1911 p. 118), made it unlawful to erect the building at that place, or at any other place within 500 feet of a railroad.

The demurrer to the answer to this complaint was sustained, and is the principal error relied on. The answer is an admission of many of the allegations of the complaint, and, in substance, is that defendants admit that pursuant to petitions filed with the proper public officers, and signed by the requisite number of legal voters within the respective corporations, and proper and legal notice given, there was held an election on January 23, 1912, for the purpose of determining whether a joint schoolhouse for grade and high school purposes should be constructed to serve the school town of Andrews and the school township of Dallas outside of the school town, jointly, and they further admit that said election resulted in a majority of the votes of said corporation being cast in favor of said petition; they admit that after said election the township trustee and the advisory board of said Dallas township, and the board of school trustees of said town of Andrews, held a joint meeting with a view to taking the necessary steps to construct the proposed joint school building, and at a meeting, duly convened for that purpose, held February 12, 1912, a motion was duly presented and adopted, to the effect that defendants proceed to employ an architect for the purpose of preparing plans and specifications for said school building to be erected on the site of the present school building within said town of Andrews. They admit that it is their purpose to erect said joint school building on the site of the present building within said town of Andrews, and that said site is, and said buildings when erected will be, within 500 feet of a steam railroad, viz., the Wabash railroad, where it passes through said town of Andrews; that said site does not extend beyond 500 feet from said railroad, and when constructed, as proposed, said building will be 470 feet from said railroad.

Further answering the complaint and justifying their acts

and purposes, defendants say that, by virtue of the aforesaid
election proceedings, it has become their duty to construct
said joint school building, and that it is within their dis-
cretion to construct it on the site and grounds where
the old school buildings within said town are now
located; that said old buildings are in a bad state
of repair, and the State Board of Health has de-
clared them unfit for school purposes; that said site is
centrally located within said town, and the grounds comprise
about one and one-half acres; that said grounds were deeded
to the school town of Andrews, to be owned and held by it
so long as used for school purposes, and by the terms of said
deed, and as a matter of .fact, to discontinue the use of said
property for school purposes will forfeit said property; that
it is the only site owned by said school corporation; that said
grounds have been improved and there are a number of val-
uable trees growing thereon, and the grounds are well
drained, and afford the best of accommodations for school
purposes; that there is no other site within said town or
township so available for school purposes as the aforesaid
site; that the school building when erected at the place pro-
posed by these defendants will be more than four hundred
feet distant, to wit, 470 feet, from said Wabash railroad;
that there is no switch nor yards where said railroad passes
by said school site, but only a single track, and only one
railroad; that the school buildings have been situated as
near or nearer to said railroad and continuously used for
many years, and no inconvenience has resulted to said school
from the passing trains, nor has any patron of said school
ever been injured, by accident or otherwise, by said rail-
road or its trains; that to prevent them from erecting said
school building on said site would result in a loss to said
school corporation of said site, and the buildings now there-
on, which for school purposes are worth $5,000; that there is
no objection on the part of any of the taxpayers of said cor-
poration and the patrons of said school to the construction

of said building on said site, other than the technical objection that it is within 500 feet of said Wabash railroad, and the patrons of said school and the taxpayers of said township are practically unanimous in their wish and demand that defendants erect the new building on the site of the present school buildings; that the statute, as defendants believe, to which plaintiff refers was not intended to have application to existing conditions and sites, as above stated, and the defendants in good faith believe that they have the right and it is their duty to erect said joint school building on the site of the present school buildings within said town. The controversy therefore is made to depend on the proper construction or constitutional validity of the act of the General Assembly of March 1, 1911 (Acts 1911 p. 118), entitled, "An Act entitled an act to protect the health and lives of school children, and increase their efficiency, by providing healthful school houses, and requiring the teaching of hygiene."

An act of the General Assembly approved March 4, 1911 (Acts 1911 p. 463), provides for the erection of joint schoolhouses for joint graded schools in towns and that part of townships outside of towns. The third section of the act provides for the joint payment for the work prorated according to the assessed valuation of the property in the two corporations.

Appellants were proceeding under the latter act when enjoined upon a complaint and answer showing that the proposed building would be within 500 feet of a railroad.

Appellants contend (1) that the statute was not intended to apply to the construction of school buildings on existing sites; (2) that being a highly penal statute, it is so ambiguous and uncertain in many respects as to render it ineffective; and (3) if such construction must be given it, as to render it unlawful to construct or repair an existing building on an existing site, or on ground which had previously been acquired for school purposes, it is unconstitutional, as

the taking of property without due process of law, and in violation of the Federal and State Constitutions.

It is an established rule of construction of statutes, that if a construction can be given them which will not render them unconstitutional, that construction will be adopted, even though it may be to eliminate a part of the act, if any portion of the remainder may be disassociated from it as to leave such portion sensible, complete and capable of being executed alike against all similarly situated or affected. *State* v. *Barrett* (1909), 172 Ind. 169, 87 N. E. 7; *State* v. *Lowry* (1906), 166 Ind. 372, 77 N. E. 728, 4 L. R. A. (N. S.) 528, 9 Ann. Cas. 350; *Swartz* v. *Board, etc.* (1902), 158 Ind. 141, 63 N. E. 31; *Smith* v. *Mc Clain* (1896), 146 Ind. 77, 45 N. E. 41; *City of Indianapolis* v. *Bieler* (1894), 138 Ind. 30, 36 N. E. 857.

Courts will not strike down acts of the legislature simply because they may be regarded by courts as unreasonable, or wrong, or unjust, or because they encroach on some natural or common right, or because of their lack of necessity or propriety, or are even oppressive, so long as they are exercised in the regulation of persons or property, to promote the health, life, morals, education or good order of the people under the police power, and are not in conflict with some constitutional prohibition, even though they seem to be opposed to the spirit supposed to pervade the Constitution, or infringe upon, or at the expense of private rights, for a large measure of authority is vested in the legislature. *State* v. *Barrett, supra; State, ex rel.*, v. *Goldthait* (1909), 172 Ind. 210, 87 N. E. 133; *Kerr* v. *Perry School Tp.* (1904), 162 Ind. 310, 70 N. E. 246; *State, ex rel.*, v. *Bartholomew* (1911), 176 Ind. 182, 95 N. E. 417; *State* v. *Gerhardt* (1896), 145 Ind. 439, 44 N. E. 469, 33 L. R. A. 313; *Praigg* v. *Western Pav., etc., Co.* (1896), 143 Ind. 358, 42 N. E. 750; *Hedderich* v. *State* (1885), 101 Ind. 564, 51 Am. Rep. 768; *Pittsburgh, etc., R. Co.* v. *Brown* (1879), 67 Ind. 45, 33 Am. Rep. 73; *Welling* v. *Merrill* (1876), 52 Ind. 350;

*Jamieson* v. *Indiana, etc., Oil Co.* (1891), 128 Ind. 555, 28 N. E. 76, 12 L. R. A. 652; *Western Union Tel. Co.* v. *Pendleton* (1884), 95 Ind. 12, 48 Am. Rep. 692; *Walker* v. *Jameson* (1894), 140 Ind. 591, 37 N. E. 402, 39 N. E. 869, 28 L. R. A. 679, 683, 49 Am. St. 222; *Miller* v. *Town of Syracuse* (1907), 168 Ind. 230, 80 N. E. 411, 8 L. R. A. (N. S.) 471, 120 Am. St. 366; *State* v. *Richcreek* (1906), 167 Ind. 217, 77 N. E. 1085, 5 L. R. A. (N. S.) 874, 119 Am. St. 491, 10 Ann. Cas. 899; Tiedeman, Lim. Police Power §2. But it has never been held that under the guise of the police power property may be taken arbitrarily or confiscated. *State* v. *Derry* (1908), 171 Ind. 18, 85 N. E. 765, 131 Am. St. 237; *McKinster* v. *Sager* (1904), 163 Ind. 671, 72 N. E. 854, 68 L. R. A. 273, 106 Am. St. 268; *United States Express Co.* v. *State* (1905), 164 Ind. 196, 73 N. E. 101; *Fort Wayne Land, etc., Co.* v. *Maumee Ave., etc., Co.* (1892), 132 Ind. 80, 30 N. E. 880, 15 L. R. A. 651; *Garvin* v. *Daussman* (1888), 114 Ind. 429, 16 N. E. 826, 5 Am. St. 637; *Buchman* v. *State* (1877), 59 Ind. 1, 26 Am. Rep. 75; *Dills* v. *State* (1877), 59 Ind. 15; *Hollenbaugh* v. *State, ex. rel.* (1858), 11 Ind. 556; *Turner* v. *State* (1857), 10 Ind. 60; *O'Daily* v. *State* (1858), 10 Ind. 572; *Evansville, etc., R. Co.* v. *Dick* (1857), 9 Ind. 433; *Beebe* v. *State* (1855), 6 Ind. 501, 63 Am. Dec. 391.

What is a taking of property within the constitutional provision is not always clear, but so far as general rules are permissible of declaration on the subject, it may be said that there is a taking when the act involves an actual interference with, or disturbance of property rights, which are not merely consequential, or incidental injuries to property or property rights, as distinguished from prohibition of use, or enjoyment, or destruction of interests in property. *Morris* v. *City of Indianapolis* (1912), 177 Ind. 369, 94 N. E. 705; *City of Vincennes* v. *Richards* (1864), 23 Ind. 381; *City of Lafayette* v. *Bush* (1862), 19 Ind. 326; *Macy* v. *City of Indianapolis* (1861), 17 Ind. 267;

*Pumpelly* v. *Green Bay Co.* (1871), 13 Wall. 166, 180, 20 L. Ed. 557; Elliott, Roads and Sts. (2d ed.) §§202–204.

It seems axiomatic in that if property may not be physically taken without just compensation under due process of law, that one cannot be deprived of its use or enjoyment—for that is in effect a taking.

In the case at bar, it is shown that if the use of the land and buildings for school purposes is discontinued the property reverts to the grantor, and it then becomes clear that the use of the property is denied, and its value is taken by the act.

Appellee's position is that it is an exercise of the police power to protect life and health, and that it is not objectionable as possibly working a loss or hardship on school corporations, even to the requirement of abandoning existing sites and the loss of their value.

By §1 of the act it is provided "that after the going into effect of this act, all schoolhouses which shall be constructed or remodeled, shall be constructed in accordance and conform to the following sanitary principles, to wit:

(a) Sites. All sites shall be dry, and such drainage as may be necessary to secure and maintain dry grounds and dry buildings, shall be selected and supplied. Said site and said buildings shall not be nearer than 500 feet to steam railroads, livery stable, horse, mule or cattle barn used for breeding purposes or any noise-making industry or any unhealthful conditions." Other specifications are enacted in detail.

If we were to hold that this act applies to existing sites, while they may present the identical objection pointed out by the statute, we would be forced to declare the act invalid, as the taking of property without due process of law; but by reading into it what is necessary to save it from unconstitutionality, it may, to the extent of the question here involved—the proximity of a railroad—be saved. If we should read into §1, *supra,* the words in parentheses, "that

after the going into effect of this act (all school sites which shall be selected, and), all schoolhouses which shall be constructed or remodeled, shall be (selected or) constructed,'' etc., we should have a very different question. It is quite apparent that if the site or location is material, it is quite as important to the proposition in hand that it should embrace not only new constructions, but remodeling as well, and it does, in fact, embrace by its terms remodeling, and on its face would prevent remodeling on a site within the prohibited district. But if we apply the remodeling as well as the construction to after-acquired locations, the act would be in that respect consistent; any other construction would put the act under the ban of unconstitutionality. If, however, we hold that said §1, so far as the site is concerned, applies only to after-acquired locations, the question before us, which is simply that of the proximity of a steam railroad, is determined. To hold otherwise would be to say that valuable buildings which are unfit for any other use shall not be repaired, either because now or hereafter a railroad may be constructed within 500 feet of them, or, as in this case, that property lawfully acquired and used may be condemned, and its use prohibited to the extent of the loss of all rights in it, though in itself unobjectionable, but rendered undesirable by reason of the use contiguous property may be put to, would be, in effect, a deprivation of the property.

But the act may with reason and within the acknowledged rules of construction be saved, so far as the question before us is involved, by reading into it language which will 7. save it, and this we are authorized to do where the act is ambiguous or doubtful, or where the spirit or intent, and not the strict letter, governs, or where the legislative direction is not clear and certain, and the more so, when to do so will affect a future, rather than a past status of the property, and when it would operate unjustly, 8. harshly or oppressively. A statute will be treated as operating prospectively, especially when in dero-

gation of a common-law right, if it can be so construed. 2 Lewis's Sutherland, Stat. Constr. (2d ed.) §§335, 383–388; Endlich, Interp. of Stat. §§127, 128, 271–273, 298–319; Black Interp. of Laws 100, 247–269; *Board, etc.,* v. *Given* (1907), 169 Ind. 468, 80 N. E. 965, 82 N. E. 918; *Arnett* v. *State, ex rel.* (1907), 168 Ind. 180, 80 N. E. 153, 8 L. R. A. (N. S.) 1192; *State* v. *Lowry* (1906), 166 Ind. 372, 77 N. E. 728, 4 L. R. A. (N. S.) 528, 9 Ann. Cas. 350; *Conn* v. *Board, etc.* (1898), 151 Ind. 517, 51 N. E. 1062; *Thornburg* v. *American Strawboard Co.* (1895), 141 Ind. 443, 40 N. E. 1062, 50 Am. St. 334; *Lang* v. *Clapp* (1885), 103 Ind. 17, 2 N. E. 197; *Board, etc.,* v. *Pritchett* (1882), 85 Ind. 68; *City of Connersville* v. *Connersville Hydraulic Co.* (1882), 86 Ind. 184; *Burnside* v. *Whitney* (1860), 21 N. Y. 148; *Thompson* v. *Clay* (1886), 60 Mich. 627, 27 N. W. 699; *Dwelly* v. *Dwelly* (1859), 46 Me. 377; *Gibson* v. *Commonwealth* (1878), 87 Pa. St. 253.

It would be an unfair and unjust imputation to hold that the legislature intended the act to have the harsh and oppressive effect, and be so destructive of vested rights 6. as the contention of appellee would force, and we have no difficulty, from its whole scope, terms and effect, in concluding that it was not so intended.

The judgment is reversed, with instruction to the court below to sustain the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

Monks, J., concurs in the result.

NOTE.—Reported in 98 N. E. 628. See, also, under (1) 36 Cyc. 976; (2) 8 Cyc. 778; (3) 8 Cyc. 864; (4, 5) 15 Cyc. 652; 16 Am. St. 610; (6) 35 Cyc. 928; (7) 36 Cyc. 1108; (8) 36 Cyc. 1205. As to uses for which the power of eminent domain cannot be exercised in taking private property, see 102 Am. St. 809. Reported and annotated in 43 L. R. A. 1023.