TEMPLE ET AL. v. STATE OF INDIANA, EX REL. LIMBACH.

[No. 22,897. Filed June 23, 1916.]

1. APPEAL.—*Dismissal.*—*Waiver of Right.*—*Briefs.*—Where appellee has, prior to filing a motion to dismiss the appeal, applied for and obtained an extension of time in which to file his brief, he thereby waived his right to ask for a dismissal of the proceedings, since Rule 21½ of the Supreme Court provides that extensions of time to file briefs will be granted only on petition showing that all motions to dismiss on behalf of the petitioner have been filed. p. 141.

2. MANDAMUS.—*Complaint.*—*Sufficiency.*—In an action by a contractor to compel the sale of bonds of a school township to provide funds for the construction of a new school building to take the place of an old one, the complaint is not insufficient as failing to show that the building was being erected on land owned by the township where it is fairly inferable from the pleading that the new building was being erected on the site of the old. p. 143.

3. MANDAMUS.—*Action at Law.*—*Adequacy.*—An action may be maintained to compel the sale of bonds of a school township to provide funds to pay the contractor erecting a school building, even though a judgment on the building contract might be obtained, since the judgment could not be enforced until provision be made for its payment. p. 143.

4. MANDAMUS.—*Complaint.*—*Sale of Bonds.*—In an action by a contractor to compel the sale of bonds to provide funds for the construction of a school building, the complaint need not show that the amount due the relator under the contract has been ascertained by an officer properly authorized, since the purpose of the action is not to enforce payment to the contractor, but to compel the performance of the purely ministerial duty of selling authorized bonds, and the judgment would not prejudice the township trustee in defending the school corporation against improper claims. p. 143.

5. PLEADING.—*Complaint.*—*Exhibit.*—*Action for Writ of Mandamus.*—In an action by a contractor to mandate the sale of bonds by a school township, a complaint alleging the execution and acceptance of the contractor's bond is not defective because a copy of the bond filed with the complaint as an exhibit failed to show the signature of the surety, since the action was not founded on the bond and it in no way controlled or affected the pleading to which it was attached. p. 144.

6. SCHOOLS AND SCHOOL DISTRICTS.—*Buildings.*—*Location.*—*Statute.*—*Construction.*—The act of 1911 (§6616a Burns 1914, Acts 1911 p. 118), as amended Acts 1913 p. 605, regulating the location of sites and buildings for school purposes, applies only to sites acquired after its enactment and does not prohibit the erection of school buildings on locations acquired prior thereto. p. 144.

7. STATUTES.—*Re-enactment.*—*Construction.*—*Adoption of Construction.*—The re-enactment of a statute, after it has received judicial construction, is usually deemed to be a legislative adoption of such construction, unless the contrary is shown by the act itself. p. 144.

8. WORDS AND PHRASES.—*"Said".*—Ordinarily, where the word "said" is used as one of reference, and there is a contention as to which of two or more antecedents it was intended to apply, it will be held to refer to the last.    p. 146.

9. PLEADING.—*Conclusions of Law.*—An allegation in a pleading that certain proceedings were not recorded or signed "as provided by law" is merely the statement of a conclusion of law and is not the averment of an issuable fact.    p. 146.

10. SCHOOLS AND SCHOOL DISTRICTS.—*Contracts.*—*Advisory Board.* —*Statute.*—Under §9598 Burns 1914, Acts 1899 p. 156, concerning the letting of contracts for school buildings and supplies, the township advisory board is merely authorized, when contracts are to be let, to advise with the township trustee and to reject any and all bids; while the trustee is empowered to determine what bid he will accept from among those not rejected, and, when accepted, he must execute the contract and approve the contractor's bond. p. 146.

11. SCHOOLS AND SCHOOL DISTRICTS.—*School Buildings.*—*Acts of School Officers.*—*Judicial Review.*—The power of selecting sites and determining the size and cost of school buildings is vested in the school officers, and their determination of such matters is not subject to judicial review.    p. 147.

From Henry Circuit Court; *Fred C. Gause,* Judge.

Action by the State of Indiana, on the relation of Adolph Limbach, against Rufus L. Temple, trustee, and others. From a judgment for relator, the defendants appeal. *Affirmed.*

*Charles L. Tindall, Forkner & Forkner, Robert L. Mason* and *William A. Hough,* for appellants.

*Barnard & Jeffrey, M. O. Sullivan, Omer S. Jackson* and *Thomas E. Glascock,* for appellee.

SPENCER, J.—This is a mandamus action by appellee against appellants, the trustee of Center school township, Hancock county, and the members of the advisory board of that township, to

compel the sale of bonds of the school corporation to procure funds for the construction of a school building. Appellants' separate demurrer to the complaint was overruled, whereupon they joined in an answer in one paragraph, to which a demurrer was sustained. They declined to plead further, and judgment was rendered for appellee. This appeal follows and errors are assigned here on the rulings on the demurrers.

A motion has been filed to dismiss the appeal on various grounds, but it appears that prior to the filing of such motion appellee asked and 1. obtained an extension of time in which to file his brief. That action operated as a waiver of the right to ask for a dismissal of the proceeding (Rule 21½, Supreme Court), and the motion to dismiss is therefore ordered stricken from the files.

The complaint alleges, in substance, that on March 24, 1914, the members of the advisory board of Center township met in special session and found that it was indispensably necessary to provide for the construction of a new school building in district No. 13 to take the place of an old building which was found, among other things, to have become unsanitary, and that the cost of the proposed building would be $47,000, which sum would exceed any sum available therefor from funds on hand or procurable from the existing levy. It is further averred that the advisory board at said meeting, by special order entered and signed on the record of the board, ordered and directed that the bonds of the school township be issued in the amount of $47,000 and sold by the trustee to provide funds with which to erect the building; that plans and specifications were subsequently adopted and notice was given of the

letting of the building contract; that on June 19, 1914, being the time fixed by the notices, the bids were opened and that of the relator was accepted; that a written contract was executed by the relator and the trustee which provided for the erection of the building for $46,662, payable as the building progressed in amounts not to exceed 80 per cent. of the architect's estimates; that to secure the performance of the contract relator delivered to the trustee his bond in the penalty of $50,000, which bond was approved and accepted by the trustee; that relator thereafter commenced the construction of the building and now has the same more than half completed; that the architect has certified that the sum of $23,000 has been earned on an 80 per cent. basis, which estimate was submitted to the trustee with a demand for payment, but that the trustee refused the same because of lack of funds; that the trustee has no funds with which to pay such claim or any part thereof; that there is no way in which the trustee can secure funds to meet the liability except by the sale of bonds heretofore authorized; that the trustee has failed to offer bonds for sale, after demand therefor by the relator, and has refused to offer for sale the authorized issue; that the members of the advisory board declare that they will approve no sale of bonds, except pursuant to an order of court, and the trustee declares he will make no effort to sell the same without like order. Other allegations of the complaint show that in November, 1914, the present trustee and members of the advisory board were duly elected to succeed the persons theretofore holding such offices, and that the authorized indebtedness of $47,000 does not violate the constitutional limitation.

It is contended by appellants that the complaint

is insufficient for failure to show that the site on which the building is being erected is owned by the township (*Koontz* v. *State, ex. rel.* [1873], 44 Ind. 323), but we are of the opinion that it is fairly inferable from the pleading that the building is being constructed on the old site, which belongs to the township. So considered, it is sufficient as against the objection urged.

It is also urged that, since an action for mandamus will not lie except in the absence of an adequate legal remedy, the complaint is bad because, as contended, the relator may secure adequate relief by a suit on the building contract. We can not agree that the pleading is open to this objection. Assuming that a judgment might be recovered in an action at law, it is manifest that it could not be enforced until some provision be made for its payment. Nor is the objection well taken that, because the amount due the relator under the contract has not been ascertained by an officer properly authorized, he is not entitled to relief in this action. *State, ex rel.* v. *Snodgrass* (1884), 98 Ind. 546, 550. Counsel misconstrue the theory of the pleading. It does not seek an order against the trustee to pay a sum of money measured by the architect's estimates, or any other sum, but demands the performance of a ministerial duty in procuring funds through an authorized loan. The trustee, of course, would not be bound by the architect's estimates *per se*, but by facts showing performance of the contract, and the judgment appealed from in nowise prejudices the trustee in defending the school corporation against an improper claim.

Finally, it is insisted that the complaint is defective because it shows that the relator's bond was not signed by any surety. After averring that a bond was executed, approved and accepted, the

pleading purports to set out in exhibit "C" thereto attached a copy of a surety company bond, comprising many pages of printed matter, but apparently omitting the signature of the surety. This action, however, is not founded on the bond and the pretended copy of such instrument which was attached to the complaint as an exhibit does not control or affect the pleading. *Aldrich* v. *Amiss* (1912), 178 Ind. 303, 99 N. E. 419, and authorities cited. It was unnecessary here to set out a copy of the bond, and the averments of the complaint relative thereto are sufficient. There was no error in overruling the demurrer to the complaint.

The answer alleges that the building in question is being constructed on the old site in district No. 13, and within 500 feet of a steam railroad, an interurban line and a breeding barn for horses. At the time the contract was let and the building commenced, the act of 1911, as amended in 1913, relative to schoolhouse sites, was in force. §6616a Burns 1914, Acts 1911 p. 118. See, also Acts 1915 p. 94. Clause (a) of section 1 of the act of 1911, provided that schoolhouse sites should not be located nearer than 500 feet to steam railroads and breeding barns for horses. In the case of *School Town of Andrews* v. *Heiney* (1912), 178 Ind. 1, 8, 98 N. E. 628, 43 L. R. A. (N. S.) 1023, Ann. Cas. 1915B 1136, this court held that said clause (a) applied only to sites acquired after its enactment, and did not prohibit the erection of school buildings on locations acquired prior thereto. In 1913 clause (a) of the act of 1911, with some other matter added, was re-enacted. The re-enactment of a statute, after it has received judicial construction, is usually deemed to be a legislative adoption of such construction (*State* v. *Ensley* [1911], 177 Ind. 483, 489, 97

N. E. 113, Ann. Cas. 1914D 1306), and there is nothing in the act of 1913 which indicates a legislative purpose in conflict with the construction previously placed on the act of 1911. Appellants' contention therefore must fail.

The answer further assumes to set out copies of the proceedings of the advisory board on March 24, 1914, as shown by the record thereof. The findings and action of the board relative to the emergency for a new school building, and to the granting of authority for the issuance of bonds, are set out in full, dated March 24, 1914, and signed by all members of the board and the trustee. This is followed by a record of the same date relative to action by the board with reference to the purchase of a proposed new site (afterwards abandoned) for the building, which was also signed by each member of the board. Then follows the record of an adjourning order of the same date, and signed by all the members of the board, which recites that the special session is adjourned for "the time being only until the 2nd day of April, 1914, at ten o'clock A. M.," etc. The answer then alleges generally: "that *said* proceedings, actions and resolutions were not kept, entered nor written up on said 24th day of March, 1914, nor at any time since, in any book or record of the Advisory Board of said Township, *as provided by law.*" (Our italics.) The contention is made that his allegation of the answer is sufficient to repel a demurrer because it shows a failure on the part of the members of the advisory board to sign the record of their proceedings before adjournment. *State, ex rel.* v. *Parish* (1913), 180 Ind. 63, 68, 99 N. E. 977. We can not agree that the allegation is sufficient to require a consideration of the question which appellants seek to

present.   The proceedings relative to the new site are not material, but it is not clear whether the pleader intended the word "said" to designate the proceedings in reference to the authorized loan or not; ordinarily, where the word is used as one of reference, and there is a contention as to which of two or more antecedents it was intended to apply, it will be held to refer to the last.   *Carver* v. *Carver* (1884), 97 Ind. 497, 503; *Hinrichsen* v. *Hinrichsen* (1898), 172 Ill. 462, 50 N. E. 135.   However, conceding that it relates to all the proceedings recited, the quoted clause can not be considered as an averment of an issuable fact, but merely as a statement of the pleader's conclusion, since the statement that the record was not signed on the 24th day of March is qualified by the clause "as is provided by law."   On the face of the proceedings relative to the authorizing of the bond issue no irregularity appears, and no issuable fact is alleged which challenges its legality.

The answer also contains certain averments which purport to show an alleged invalidity of the record of the advisory board relative to the letting of the construction contract.   Without stating these averments in detail it is sufficient to say that the statute (§9598 Burns 1914, Acts 1899 p. 156) requires the trustee, and not the members of the advisory board, to execute the contract.   Conceding that the law requires the trustee to advise with the board and confers on the latter negative power of rejecting any or all of the offered bids, it authorizes the trustee to determine what bid, not rejected by the board, he may accept. When so accepted, the written contract must be executed by the trustee and the bidder, and bond furnished to the approval of the former.

Finally, it is asserted that the site on which the building is being constructed is wet and unhealthful and difficult of access, being situated at the north edge of the township· and four miles from the center thereof; that the building will be unnecessarily large and expensive, since there are only 136 children of school age in the district. The contention is made that these facts show such a gross abuse of discretion on the part of the trustee and members of the advisory board who held office on March 24, 1914, that relief should be denied the relator. A sufficient answer to this contention is that the power · of selecting sites and of determining the size and cost of buildings is vested in the school officers and not in the courts.

There was no error either in overruling the demurrer to the complaint or in sustaining the demurrer to the answer, and the judgment is therefore affirmed.

NOTE.—Reported in 113 N. E. 233. Existence of another adequate remedy as a bar to a mandamus proceeding, 98 Am. St. 866, 26 Cyc 171. Statutory restrictions as to site for school buildings, note 43 L. R. A. (N. S.) 1024. See under (7) 36 Cyc 1153; (9) 31 Cyc 62; (11) 35 Cyc 931.