## TECUMSEH COAL AND MINING COMPANY *v.* BUCK.

[No. 23,727.    Filed May 19, 1922.]

1. PLEADING.—*Construction.—Legal Conclusions.*—It is not necessary to plead the law, as it is judicially known to the court, and mere averments of legal conclusions must be disregarded. p. 125.

2. APPEAL.—*Review.—Harmless Error.—Overruling Motion to Make Immaterial Averments More Specific.*—It is not reversible error to overrule a motion to make averments more specific, when such averments are immaterial.    p. 125.

3. APPEAL.— *Briefs.— Sufficiency.— Questions Presented.—Ruling on Motion to Make Complaint More Specific.*—The ruling on a motion to make the complaint more specific is not presented for review where neither the motion nor the insufficiency of the complaint as to the matters to which the motion was addressed is mentioned in the points in appellant's brief, and no authorities in support of the objection to the complaint, as required by Rule 22 of the Supreme Court.    p. 127.

4. APPEAL.—*Review.—Harmless Error.—Overruling Motion to Make Complaint More Specific.*—In a mine worker's action for personal injuries, where the complaint sufficiently informed defendant of the negligence charged, the overruling of a motion to make the complaint more specific was harmless to defendant. p. 127.

5. MOTIONS.—*Successive Motions to Make Complaint More Specific.—Discretion of Court.*—The law does not contemplate that defendant may file a succession of motions, as the previous ones are overruled, asking in each that the facts relied on by plaintiff shall be stated more definitely, and ordinarily it is within the sound legal discretion of the trial court to reject a second motion to require a more definite and certain statement of the facts after overruling the one first presented.    p. 127.

6. APPEAL.—*Review.—Overruling Motion to Plead More Specifically Facts to Support Conclusions.*—In a mine worker's action for personal injuries, where some facts were pleaded tending to support each fact in the complaint complained of, the overruling of a motion to require that the facts to sustain such conclusions be stated more specifically only amounted to a holding that the facts stated were sufficient for that purpose, which could not harm defendant.    p. 128.

7. MASTER AND SERVANT.— *Injuries to Servant.— Complaint.— Sufficiency.—Master's Failure to Perform Statutory Duty.— Statutes.*— In a mine worker's action for personal injuries sustained when slate and rock fell from the roof of a mine room, complaint alleging that defendant was operating a coal mine

Tecumseh, etc., Mining Co. v. Buck—192 Ind. 122.

employing more than ten persons, that plaintiff was working for defendant as an employe in its mine, and that defendant was not operating under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1921), sufficiently showed that defendant owed plaintiff the duty imposed by §8580 Burns 1914, Acts 1905 p. 65, upon an employer operating a coal mine in which more than ten men are employed, to keep the roof of every working place secured by timbering before any person is permitted to work there. p. 128.

8. MASTER AND SERVANT.— Injuries to Servant.— Workmen's Compensation Act.—Amendments.—Scope and Applicability.— The amendment of §18 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1921) by Acts 1919 p. 158 (§8020b1 Burns' Supp. 1921), so as to provide that the act, except §§3, 4, 10, 11, 12, should apply to persons, partnerships and corporations engaged in mining coal, was not retroactive, especially as §§21, 81, which were not affected by the amendment, provide that the act should not apply to accidents occurring prior to the taking effect of the act or affect pending litigation, so that an operator of a coal mine who had elected not to operate under the act is deprived of the defenses of contributory negligence, negligence of a fellow servant, and assumption of risk by §10, in an action for injuries received by an employe before such amendment took effect, which action was instituted before the amendment was passed. p. 129.

9. STATUTES. — Construction.— Retroactive Effect. — A statute will not be held to have a retroactive effect unless the language used therein compels the conclusion that the legislature so intended. p. 129.

10. MASTER AND SERVANT.—Injuries to Servant.—Instructions. —Negligence. — Proof Required. — Averment of Independent Acts of Negligence.—In a mine worker's action for injuries sustained when loose rock and slate fell from the roof of a mine room, where the complaint alleged that defendant negligently failed to leave sufficient pillars to support the roof, negligently failed to prop the roof, and negligently failed to timber it or make it secure, which averments amounted only to different ways of charging that defendant did not exercise care to support the mine roof, and also alleged that defendant's servant negligently jarred and broke loose a quantity of slate and rock from the roof in attempting to set a prop thereunder, an instruction that proof of either act of negligence charged was sufficient to support a recovery, was proper, as each act of negligence charged as causing the injury stated a separate and independent cause of action. p. 132.

11. MASTER AND SERVANT.—*Injuries to Servant.—Negligence.— Evidence.—Sufficiency.*—In an action by a mine worker for injuries sustained when loose slate and rock fell from the roof of a mine room, evidence *held* sufficient to sustain the jury's finding that the negligence of defendant and its servants caused the injury. p. 133.

12. WITNESSES.— *Examination.— Leading Questions.*— Though leading questions as to formal matters and facts not in controversy are not harmful, such questions as to material facts in dispute by which the language of the attorney is substituted for the thought of the witness, are always objectionable and often harmful. p. 134.

13. APPEAL.—*Review.—Admission of Evidence.—Leading Questions.—Discretion of Court.*—The extent to which leading questions, in the examination of a witness, shall be permitted rests primarily in the sound legal discretion of the trial court, and a judgment will be reversed because witnesses were allowed to answer.leading questions only when the record shows that such discretion was abused. p. 134.

14. APPEAL.—*Review.—Ruling on Motion for New Trial.—Conclusiveness.—Conflict in Supporting and Counter Affidavits.*—In an action for personal injuries, where defendant moved for new trial on the ground of misconduct of plaintiff in giving alleged false testimony, affidavits in support of the motion and counter affidavits in opposition thereto present an issue of fact on which the decision of the trial court is conclusive on appeal. p. 134.

15. DAMAGES. — *Personal Injuries. — Excessive Damages.* — A judgment for $12,000 in an action for personal injuries is not excessive, where there was evidence showing that plaintiff, a coal miner forty-eight years of age and earning $8 per day, was injured by a mass of slate and rock falling upon him, crushing one leg so that it had to be amputated twice below the knee and would have to be amputated again before an artificial leg could be worn, that he received other injuries, and that he suffered great pain and anguish, etc. p. 135.

From Daviess Circuit Court; *James W. Ogdon,* Judge.

Action by Otha C. Buck against the Tecumseh Coal and Mining Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*William R. Gardiner, Clinton K. Tharp, Charles G. Gardiner, Robert W. Tharp, Will H. Hays, Hinkle C. Hays, Alonzo C. Owens* and *W. Paul Stratton,* for appellant.

*John A. Riddle, J. Alvin Padgett* and *W. A. Cullop,* · for appellee.

EWBANK, C. J.—The appellee recovered a judgment against the appellant for $12,000 damages on account of personal injuries sustained by him when some slate and rock fell from the roof of appellant's coal mine in which he was working and crushed one of his legs so badly that it was amputated just below the knee, and otherwise injured him.

The complaint alleged certain conclusions of law and appellant filed a motion to require that the facts be stated on which they were based. But it is not necessary to plead the law. That is judicially known to the court. And mere averments of legal conclusions amount to nothing and must be disregarded. *Temple* v. *State* (1916), 185 Ind. 139, 146, 113 N. E. 233; *Cincinnati, etc., R. Co.* v. *Little* (1921), 190 Ind. 662, 131 N. E. 762, 764. And it cannot be reversible error to overrule a motion to make averments more specific when such averments are not material. *Cincinnati, etc., R. Co.* v. *Little, supra; Alleman* v. *Wheeler* (1885), 101 Ind. 141, 144; *Indiana Stone Co.* v. *Stewart* (1893), 7 Ind. App. 563, 564, 34 N. E. 1019; *Premier Motor Mfg. Co.* v. *Tilford* (1916), 61 Ind. App. 164, 167, 111 N. E. 645.

The complaint alleged the following facts: That on June 10, 1918, the appellant was a corporation employing more than 200 men, and engaged in mining coal; that on said day appellee was in the employ of and at work for the appellant in its coal mine, operating a cutting machine in room No. 11, and at the time of his injury was engaged in cutting coal for appellant and operating said machine in the said room; that "after he had been directed to go into said room" by one Connor, who is alleged to have been appellant's "agent, servant and employe," and while he was at work there, a mass

of slate, rock and other substances fell from the roof of the mine upon him and injured him; that the roof broke and fell by reason of an alleged negligent failure of appellant "to secure and properly prop" it, and "to properly prop and secure it," and an alleged negligent failure of appellant "to leave sufficient pillars around said room to prevent the overhead burden from squeezing and cracking the roof and loosening" it; that appellant by its servant, negligently failed to timber securely the roof of the room before directing appellee to go into it; that while the appellee was operating said machine and cutting coal in the said mine, after being directed there by Connor, the alleged agent, servant and employe of appellant, "said Connor  *  *  *  attempted to set a prop therein and on account of said roof in said room being loose, weak and dangerous, as aforesaid, jarred and broke loose a large amount of slate, rock and other substances from the roof" so that it "fell upon this plaintiff," and injured him.   "That said injuries were caused by the carelessness and negligence of the defendant, its agents, servants and employes;" that the fact that the roof of said room No. 11 was defective and liable to break loose and fall was known to appellant, its agents, servants and employes, before the injury, or by the exercise of ordinary care might have been known to it or them before that time, but that appellee had no knowledge thereof; that more than thirty days prior to the injury appellant had (in a manner stated) rejected the provisions of the Workmen's Compensation Act, and was not operating under it; that appellee had suffered much pain, lost much time, incurred $500 expense for doctors and hospital, and was permanently disabled by reason of his injuries, to his damage $50,000; that the loosened rock, slate and roof fell upon him, "thereby mashing, mangling and crushing plaintiff's left leg from the knee joint to the ankle thereof," making necessary amputa-

tion just below the knee "in order to save his life," and that his "right leg was sprained and bruised, and both plaintiff's hands were and are by reason of said injury partially paralyzed;" and that thereby he "has been maimed and disfigured and permanently crippled and disabled for life."

Appellant filed a motion to make the complaint more specific in several particulars, the only one of which discussed in its brief is that appellee "be required more specifically to set out and describe each and all of the acts of negligence" charged against the appellant. But while some argument is offered to the effect that the complaint was defective in this particular, neither the motion to make more specific nor the insufficiency of the complaint in this regard is mentioned in the "points," and no authorities are cited in support of the objection, as is required by Rule 22 of this court. And it sufficiently appears that the negligence complained of was failing to support the roof of the mine, and jarring down loose slate and coal by pounding on a prop near the place where the roof fell, so that appellant was not harmed by overruling its motion. *Fauvre Coal Co.* v. *Kushner* (1919), 188 Ind. 314, 323, 123 N. E. 409.

After its motion to make the complaint more specific had been overruled appellant filed a motion to require appellee to plead facts to sustain each of certain alleged conclusions of fact, as well as each of several conclusions of law. The law does not contemplate that the defendant in an action may file a succession of motions, one after the other, as they are successively overruled, asking in each that the facts relied on shall be stated more definitely. A motion of that kind tends to delay the formation of an issue and the decision of the case, and ordinarily it is within the sound legal discretion of the trial court to reject a second mo-

tion to require a more definite and certain statement of the facts after overruling the one first presented.

Besides, some facts had been pleaded tending to support each conclusion of fact complained of, and overruling the motion only amounted to holding that

6. the facts stated were sufficient for that purpose, which could not harm the appellant under the circumstances. *Terre Haute, etc., R. Co.* v. *Phillips* (1921), 191 Ind. 374, 132 N. E. 740, 742.

Appellant demurred to the complaint for the alleged reason that it does not state facts sufficient to constitute a cause of action. Its demurrer was overruled

7. and appellant excepted, and has assigned the ruling as error. Under this specification appellant insists that no duty on its part toward the appellee is shown to have existed, the violation of which could give appellee a right of action under the facts pleaded. The allegations above set out show that defendant was operating a coal mine, employing more than ten persons, and that appellee was working for appellant as an employe in the mine, and that appellant was not operating under the Workmen's Compensation Act. This sufficiently showed that appellant owed appellee the statutory duty to exercise care in the matter of supporting the roof of the mine to keep the roof above his working place secured by timbering before he should be sent into it to dig coal, without relying upon anything the complaint says about the law, or any conclusions that are pleaded. The statute expressly commands that under the facts alleged the employer, by its representative, shall see that every working place is secured by timbering and the safety of the mine assured before any person is permitted to work there. §8580 Burns 1914, Acts 1905 p. 65.

The court gave to the jury instructions which recited the provisions of §10 of the Workmen's Compensation Act (§8020t Burns' Supp. 1921, Acts 1915 p. 392), and

stated that if appellant had exempted itself from the provisions of that act as to paying compensation (as the parties stipulated it had), it could not defend this action on the ground that negligence of the injured employe contributed to cause the injury, or that negligence of a fellow servant caused it, or that the injured employe had assumed the risk of the injury; but that appellee could not recover unless a preponderance of the evidence proved that negligence of the appellant, its agents, servants or employes was the proximate cause of the injury sustained. And it refused to give instructions requested by the appellant to the effect that the appellee could not recover if his failure to exercise ordinary care for his own safety, or his failure to exercise such care to avoid the ordinary, obvious and inherent dangers of his employment and such as might arise or be encountered in prosecuting the work he was engaged in, was shown to have been a proximate cause of his injury. Appellant duly reserved exceptions to the giving and refusal of these instructions, challenged each of them by its motion for a new trial, reserved an exception to the overruling of such motion, and has assigned that ruling as error.

Appellant admits that the court's ruling would be correct if §10 of the Workmen's Compensation Act, *supra,* applied, but asserts that an amendment of the act in 1919 took this case out of the operation of that section.

As originally enacted the Workmen's Compensation Act (Acts 1915 p. 392, *supra*) provided by §§18, 21 and 81 as follows: "Sec. 18. The provisions of this act, except sections 3, 4, 10, 11, and 12 shall apply to the state and any municipal corporation within the state or any political division thereof, and to the employes thereof.

"Sec. 21. The provisions of this act shall not apply

to injuries or death nor to accidents which occurred prior to the taking effect of this act.

"Sec. 81.   The provisions of this act shall not affect pending litigation."

On May 15, 1919, Acts 1919 p. 158, §8020b1 Burns' Supp. 1921, took effect by which §18, above set out, was amended by inserting certain words which we have indicated by printing them in italics, so as to read as follows:   "Sec. 18.   The provisions of this act except sections 3, 4, 10, 11 and 12, shall apply to the state, to all the political divisions thereof, to all municipal corporations· within the state, *to persons, partnerships and corporations engaged in mining coal,* and to the employes thereof."

The undisputed evidence proves that the injury sued for was sustained June 10, 1918, and the record shows that the appellee commenced this action by filing his complaint on November 20, 1918, six months before the amendment of §18 of the Workmen's Compensation Act, Acts 1919 p. 158, *supra,* took effect.   As amended the act contains §§21 and 81, unchanged, reciting that its provisions shall not apply to injuries prior to its taking effect, and shall not affect pending litigation.   §§8020e1, 8020m3 Burns' Supp. 1921, Acts 1915 p. 392.

The rule is well established that a statute will not be held to have a retroactive effect unless the rigor of the language used compels the conclusion that such was the legislative intent.   *State, ex rel.* v. *Vandalia R. Co.* (1915), 183 Ind. 49, 51, 108 N. E. 97; *School Town of Andrews* v. *Heiney* (1912), 178 Ind. 1, 9, 98 N. E. 628, 43 L. R. A. (N. S.) 1023, Ann. Cas. 1915B 1136.

And where the act, as amended, still was made to contain the provisions above referred to, the amendment must be construed as not affecting an action commenced before it took effect, to recover damages for an injury received nearly a year before.

Since the amended §18, Acts 1919 p. 158, *supra,* does not apply to this action, commenced before it was en-acted, the court did not err in giving and refusing the above mentioned instructions, whatever construction shall be given to said amended §18, *supra,* in cases to which it may hereafter apply. Therefore we decide nothing as to its proper construction.

By another instruction the jury was told, in substance, that it was not necessary for the appellee to prove all his allegations of negligence in order to maintain his action, but that if he had proved by a preponderance of the evidence, some one or more of the allegations of negligence, as averred in the complaint, that would be sufficient to entitle him to recover so far as the charge of negligence in the complaint was concerned. But that he would not be entitled to recover, unless he had proved, by a preponderance of the evidence, at least some of the allegations of negligence of the defendant, its agents, servants or employes, as averred in the complaint, and that said negligence was the direct and proximate cause of the injury sued for. Another instruction stated that the burden was upon appellee to prove, by a preponderance of the evidence, at least some of the allegations of negligence of the appellant, its agents, servants or employes, and that said negligence was the direct and proximate cause of the injury for which he sued; and that if he had proved said facts by a preponderance of the evidence, and had otherwise made out his case by the evidence when applied to the instructions given, the jury should find for the appellee, but if he had failed to prove said facts by a preponderance of the evidence they should find for the defendant (appellant). Other instructions recited the averments of the complaint and stated that before appellee could recover he must prove by a preponderance of the evidence all of the material allegations of his com-

plaint except certain formal matters admitted in open court by the appellant.

Appellant insists it was error to tell the jury that proof of some one or more of the allegations of negligence in the complaint, with proof that such negligence was the direct and proximate cause of the injury, would be sufficient if the other elements of the case were made out. And counsel cite *Terre Haute, etc., R. Co.* v. *McCorkle* (1895), 140 Ind. 613, 618-621, 40 N. E. 62, which gave a construction to a complaint alleging that there was a bent iron stirrup and a defective drawbar on the freight car which plaintiff was trying to couple to another car, and that when the defective condition of the drawbar made it necessary for plaintiff to insert the coupling link and then to step back quickly from between the cars, the bent stirrup caught his leg and threw him backward, so that his arm fell between the "deadwoods" then in use on freight cars, by which means his arm was crushed. In that case the court held that the combination of defective drawbar and bent stirrup were alleged to have operated together to cause the injury, and that an instruction was erroneous which told the jury that the plaintiff had the burden to establish that the car "was defective in one or the other of the matters" alleged, and must prove "that one or the other of such defects, or both, conjointly, produced the injury."

But the complaint in the instant case, while not clearly expressed, does not make either of the alleged negligent acts or omissions to depend upon the existence of other alleged negligence.

The alleged negligence was, first, that appellant negligently failed to use care to support the roof of the mine, and second, that by its servant, Connor, it negligently jarred and broke loose a quantity of slate and rock from the roof in attempting to set a prop under the roof near

where appellee was working. Allegations that appellant negligently failed to leave sufficient "pillars," and negligently failed to prop the roof, and negligently failed to timber it, and negligently failed to secure it or to make it secure, amount only to different ways of saying that appellant did not exercise care to support the mine roof when appellee was set to work under it. Neither of the several facts alleged as the basis of this charge is shown to depend upon any other negligent act or omission, if "by reason thereof said roof did break loose and fall" upon the appellee, as is charged. And if appellant's servant charged with the duty to support the roof of the mine with timbers did attempt to set a prop between the floor and roof of the mine close to appellee's cutting machine, where the roof was loose and weak, after appellee began his work, and in so doing caused a mass of rock and slate to break loose from the roof and fall upon appellee, and if he was negligent in so doing, appellant's liability would not depend upon the pillars, props and timbers being insufficient to have supported the roof, if in other respects care had been used. Giving the instructions referred to was not cause for a reversal.

There was evidence fairly tending to prove that the roof of room No. 11 was composed of loose and rotten slate, and that the room boss had been notified, in appellee's presence, that it needed timbering; that the room boss sent Connor to fix it, and told appellee that Connor would let him know when it was in good shape; that after doing some work there Connor notified appellee to pull into room No. 11, and said he thought it was safe; that appellee set his cutting machine and started it, and that the machine made a great noise; that while appellee was stooping over the machine and did not see nor hear him, Connor set a prop with a "cap" on it behind the machine and drove it into posi-

tion with blows from an axe, and that a mass of slate split off from the roof, beginning at a point six inches from this prop, and fell upon appellee, while Connor was pounding. There was ample evidence to prove all of the other allegations of the complaint, and the evidence above set out sustains the finding that negligence of appellant and its servants caused the injury.

Appellant complains that witnesses were permitted to answer certain leading questions. Such questions as to formal matters and facts not in controversy harm nobody, and often save time. But leading questions as to material facts in dispute, by which the language of the attorney is substituted for the thought of the witness, are always objectionable and often harmful. However the extent to which leading questions shall be permitted rests primarily with the trial court, in the exercise of a sound legal discretion. And the "points" and "argument" in appellant's brief do not show that this discretion was so abused as to require that the judgment be reversed.

Appellant's demand for a new trial because of alleged misconduct of the appellee is based on the alleged fact that he falsely claimed inability to move the knee joint of the stump of his amputated leg, and thereby deceived the jury. It may be possible for one to wear an artificial leg and walk with two crutches, bending the artificial leg at the knee, when the stump of the wearer's leg sets in the socket of the artificial leg so that the wearer's weight rests on the bent knee, permitting the artificial leg to be bent without the knee joint moving. We have no judicial knowledge to the contrary. The affidavits in support of the motion for a new trial and the counter affidavits in opposition thereto presented an issue of fact as to which the decision of the trial court is conclusive on this court.

There was evidence that appellee was forty-eight

Tecumseh, etc., Mining Co. *v.* Buck—192 Ind. 122.

years old, in good health, had been engaged in mining coal for twenty-six years, and in running a mining machine twelve years of that time, and was earning $8 per day; that his left leg was crushed and the bone was broken at three places below the knee; that his right knee was injured and his right ankle badly sprained; that he had an injury to the ulnar nerve in his elbow, and a scalp wound; that he was taken fifteen miles to a hospital, where his wounds were dressed; that four days later his left leg was swelled to three times its normal size, without circulation and discolored, and that it was then amputated; that a month later he had a high temperature, was very sick and suffering intense pain, and three or four inches of the stump of his leg had turned black and had to be cut away without an anaesthetic; that he had convulsions and part of the time was unconscious; that his knee joint has become stiff, and cannot be moved; that the injury to his elbows caused pain and numbness and inability to use his arms for a considerable time; that at the time of the trial, sixteen months later, he still had numbness in the last two fingers of each hand, with only partial feeling; that his left arm was not nearly as large afterward as before; that he was in the hospital twenty-five days at an expense of $105.75 for the hospital and $108 for the nurse, and incurred debts exceeding $500 for doctors and surgeons; that because of the stiffened knee joint and by reason of the flesh covering the stump being so thin the leg will have to be amputated again before an artificial leg can be worn with comfort. And that appellee was rendered unable to do manual labor.

We cannot say that the damages awarded were excessive.

The judgment is affirmed.