No. 11,063.

APP v. THE STATE.

CRIMINAL LAW.—*Keeping Devices for Gaming.*—*Indictment.*—An indictment for keeping a device for gaming, under section 2086, R. S. 1881, averring "that the defendant did, at the county and State aforesaid, unlawfully keep and exhibit a certain gaming apparatus, to wit, a faro bank, and then and there unlawfully kept the same for the purpose of wagering, winning and gaming thereon money and other articles of value," sufficiently charges the offence. It is not necessary in such case to describe the particular building or precise spot where the device was kept; properly naming the county and State is sufficient.

SAME.—*Change of Venue.*—*Jurisdiction.*—Jurisdiction vests in the court to which the change is taken in a criminal case, upon the deposit with its clerk of the original papers and a transcript of the proceedings of the court in which the indictment was found.

SAME.—*Presumption.*—Where a defendant, who obtains a change of venue, appears in the court to which the case was sent, and goes to trial without objecting to the jurisdiction or suggesting any defects or irregularities, it will be presumed, in the absence of a contrary showing, that jurisdiction was properly obtained.

SAME.—*Grand Jury.*—Where the record certified shows a due empanelling of the grand jury, it is sufficient without a specific statement of that fact in the clerk's certificate.

SUPREME COURT.—*Evidence.*—*Leading Questions.*—The Supreme Court will not reverse a case because leading questions were permitted, unless it appears that there was an abuse of discretion that did substantial injustice.

From the Carroll Circuit Court.

App v. The State.

A. W. Reynolds and E. B. Sellers, for appellant.

F. T. Hord, Attorney General, and R. Gregory, Prosecuting Attorney for the State.

ELLIOTT, J.—The indictment upon which judgment was entered against appellant contains the following: "That the defendant did, at the county and State aforesaid, unlawfully keep and exhibit a certain gaming apparatus, to wit, a faro bank, and then and there unlawfully kept the same for the purpose of wagering, winning and gaming thereon money and other articles of value." The pleader's language may be justly subject to verbal criticism, but we think the offence is sufficiently charged.

Counsel for appellant are in error in asserting that it is necessary for the indictment in such a case as this to describe the particular building or precise spot where the gambling apparatus was kept; it is only necessary to properly name the county and State.

Where a change of venue is taken in a criminal case, jurisdiction vests in the court to which the change is taken upon the deposit with its clerk of the original papers and a transcript of the proceedings of the court in which the indictment was found.

Where an accused, who obtains a change of venue, appears in the court to which the case is sent, and goes to trial without objecting to the jurisdiction of the court, and without suggesting defects or irregularities, it will be presumed, in the absence of a contrary showing, that the officers did their duty, and that jurisdiction was properly obtained. Duncan v. State, 84 Ind. 204.

Where the record certified by the clerk shows a due empanelling of the grand jury, it is sufficient without a specific statement of that fact in the clerk's certificate. It is held in the case cited that the appearance of the essential facts in the transcript certified to this court is, at least, prima facie sufficient, and this is regarded by us as good law.

Cases are never reversed upon the ground that leading questions were permitted, unless it is made very clearly apparent that there was an abuse of discretion that did substantial injustice. A trial court has a large discretion in such cases, and its rulings will always be˜ upheld where there is not a plain and inexcusable abuse of this discretionary power. There is no such abuse shown in the present case.

Judgment affirmed.