WEBSTER *v.* STATE OF INDIANA.

[No. 25,947. Filed April 16, 1934.]

*M. L. Clawson, Verne C. Chapman,* and *Esther M. Schmitt,* for appellant.

*James M. Ogden,* Attorney-General, and *Robert L. Bailey,* Assistant Attorney-General, for the State.

TREANOR, J.—Appellant and Newman were charged by an indictment in three counts with conspiracy to commit the felony of blackmail. The first and second counts alleged that the person whom the defendants conspired to blackmail was one Thomas O. Sines; the third count charged that they conspired to blackmail "persons, whose names are to the grand jurors unknown." The appellant obtained a special judge and in a separate trial, by the court, was found guilty as charged. Appellant's motion for new trial was overruled. The sole error assigned on appeal is the action of the trial court in overruling the motion for new trial. The grounds for new trial were that the finding (1) was not sustained by sufficient evidence and (2) was contrary to law, and (3-18) that the court erred in its rulings admitting, over appellant's objections, certain

evidence offered by the State, and rejecting or striking out, upon the State's objection, certain evidence offered or introduced by appellant.

Under the 3rd, 6th, 7th, 9th, 13th, and 15th causes for new trial appellant urges as reversible error the trial court's action in receiving over appellant's objection certain evidence offered by the State. This evidence dealt with conversations and transactions between the co-conspirator, Newman, and persons, other than Sines, from whom, pursuant to an alleged agreement between appellant and Newman, the latter attempted to solicit money for advertising space. The advertisements were to appear in appellant's paper, the Indiana Journal, and in a book, The Progress of Indianapolis, to be published by Newman. Some of the evidence so received merely showed a sale of, or attempt to sell space, unaccompanied by any improper conduct and could not have harmed appellant. Other evidence so received tended to establish that such solicitations were accompanied by threats to injure the reputation and business of the persons solicited unless they bought advertising space. Under the 4th, 5th, and 9th causes for new trial appellant predicates error upon the admission of evidence of conversations to which appellant was a party upon the subject of selling advertising space to and obtaining money from persons other than Sines during the pendency of the conspiracy charged. Appellant urges that this evidence was inadmissible because the indictment did not charge a conspiracy to blackmail the persons referred to in the conversations.

The indictment charged, in effect, that the purposed felony of blackmail, the subject of the alleged conspiracy, consisted of extorting money from Sines under threats to publish an article in the Indiana Journal accusing Sines of immoral conduct unless he bought advertising space in the Indiana Journal and in The Progress of Indianapolis. The evidence questioned by

the above numbered causes for new trial was evidence of conversations and acts in which one or both of the alleged co-conspirators participated and tended to establish the performance of overt acts, other than the ones set out in the indictment, and to establish that these overt acts were performed in pursuance of a general scheme, plan, understanding or system, of which the conspiracy charged was a part. Such evidence is admissible, even though it may also tend to establish the commission of offenses other than the one charged. *Gears* v. *State* (1932), 203 Ind. 380, 180 N. E. 585; *Huffman* v. *State* (1933), 205 Ind. 75, 185 N. E. 131. The instant case is distinguished from the case of *Hawkins* v. *State* (1916), 185 Ind. 147, 113 N. E. 232, relied upon by appellant, by the court's statements in that case.

The 8th cause for new trial presents no reversible error. The evidence objected to related to conversations and transactions that did not take place in appellant's presence, but related to Newman's conversations and transactions with Sines. It tended to show what was said and done by Newman, a co-conspirator, in carrying out the conspiracy charged, and was clearly admissible against appellant.

> "Every one who does enter into a common purpose or design is generally deemed, in law, a party to every act which had before been done by others and a party to every act which may afterwards be done by any of the others in furtherance of such common design. 1 Greenl. Ev. section 111." *Card* v. *State,* (1887), 109 Ind. 415, 418, 9 N. E. 591.

The 10th and 14th causes for new trial are based upon objections to questions alleged to be leading and suggestive and calling for the witnesses' conclusions. Appellant could not have been harmed by the court's action in permitting the questions to be asked and answered since previous questions had been asked and answered without objection covering the

substance of the answers given to the questions objected to.

The rule against leading questions is for the purpose of preventing the substitution of the language of the attorney for the thought of the witness as to material facts in dispute. *Tecumseh, etc., Mining Co.* v. *Buck* (1921), 192 Ind. 122, 134, 135 N. E. 481. The extent to which such questions shall be permitted rests primarily with the trial court in the exercise of a sound legal discretion. "Cases are never reversed upon the ground that leading questions were permitted, unless it is made very clearly apparent that there was an abuse of discretion that did substantial injustice. A trial court has a large discretion in such cases and its rulings will always be upheld where there is not a plain and inexcusable abuse of this discretionary power." *App* v. *State* (1883), 90 Ind. 73, 75.

The 11th cause for new trial was based on the trial court's refusal to permit Newman, a co-conspirator, to answer certain questions on cross-examination. Apparently the purpose of these questions was to show that certain persons, who were hostile to appellant, had furnished bond and an attorney for Newman in connection with the prosecution of the charge against him. We see no reason why the witness should not have been permitted to answer the questions but in view of the complete and detailed disclosure by other evidence of the relationship between Newman and appellant we think that no possible injury could have resulted.

"It is next urged that error was committed by the refusal of the court to allow certain questions to be put to witnesses which it is claimed tended to show feeling, interest and bias on the part of the witnesses. While it is undoubtedly true that a witness may be required to explain anything that would tend to show such bias, prejudice or interest as would incapacitate him from testifying impartially and accurately, yet the extent to which a cross-

examination may be carried in the direction indicated by the questions rejected is a matter resting in the sound discretion of the court." *Hinchcliffe v. Koontz*, (1890), 121 Ind. 422, 23 N. E. 271.

The 12th cause for new trial was based upon the court's action in striking out the witness Newman's answer to the following question:

"The truth about it is, Mr. Newman, you did not publish this book because you lost this money, that was taken in, from gambling at Lasky Farb's?" A. "You're a damn liar."

Appellant contends that the answer should have stayed in the record because it "clearly shows the character of the witness and stamps the witness' testimony with untruth," and contends that it was not stricken out for "its contemptuous character" because the court "made no comment" and took no summary action against the witness for contempt. The court's ruling was as follows:

"The answer is going out for one reason or another. The answer will be stricken out."

The answer was objectionable because it was improper and was not responsive to the question. Therefore it was correctly stricken out and error can not be predicated upon action of the court which was proper, although a different reason, or no reason at all, was given therefor. Appellant could not have been prejudiced in any way by the trial court's apparent failure to consider the witness to be in direct contempt of the court.

The 16th cause for new trial is based upon appellant's objections to questions concerning a conversation and certain acts of appellant which occurred prior to the formation of the conspiracy charged and which tended to show acts of appellant similar to the offense he was charged with conspiring to commit. The evidence tended to establish that prior to the time the conspiracy here alleged was formed, appellant

attempted to sell the witness advertising space by
means of threats to "put it on the front page" if he
didn't "come through;" that the witness refused to
take the advertising and that thereupon articles derog-
atory of the character of the witness appeared in appel-
lant's paper. It further appeared that during the
pendency of the conspiracy charged the witness was
solicited by Newman and by appellant to take advertis-
ing space and was told that a "mistake" had been made
and that if he would take space they would "correct" it.
The evidence of the conversations with the witness dur-
ing the pendency of the conspiracy charged was admis-
sible for the reasons given in our discussion of causes
for new trial numbered 3, 6, 7, 9, and 13, *supra*. The
conduct of appellant made the two conversations one,
and the evidence of the prior conversation was neces-
sary in order to explain the conversation which oc-
curred during the pendency of the alleged conspiracy,
evidence of which was clearly admissible.

The 17th cause for new trial questions the court's
action in sustaining the State's objection to a question
asked a defense witness on direct examination:

> "Basing your opinion, Mr. Sampsell, upon
> your acquaintance with the defendant, your
> observation of him during the month of De-
> cember at the times that you saw him and your
> knowledge of his use of intoxicating liquors,
> whether or not at any time you saw him during the
> month of December he was competent and capable
> of transacting his business affairs, in your
> opinion?"

Apparently the purpose of the question was to get
from the witness what was in effect a conclusion which
should become the basis of an inference that the defend-
ant could not have done the acts necessary to form
and carry out the conspiracy in question. That was for
the trial court to decide on the basis of all the evidence
presented. It was proper to introduce evidence as to

the condition of the appellant, by reason of intoxication, which might tend to establish that he was incapable of entering into the conspiracy charged or incapable of performing any of the acts he was said to have performed. It was proper to prove by the witness whether the appellant's condition did in fact prevent his transacting his business affairs. Such evidence had been introduced and was available for the consideration of the trial court in determining whether or not, upon all the evidence, the defendant did enter into and participate in the conspiracy. The court properly sustained the State's objection to the question in the form in which it was asked.

The 18th cause for new trial is based upon the court's action in overruling appellant's objection to a question asked appellant upon cross-examination. The particular question related to a conversation of the appellant which had not been asked about on his direct examination. However two other witnesses had testified that the conversation took place and appellant does not question the admission of that testimony. In view of the discretion allowed the trial court in ruling upon the propriety of questions on cross-examination we can not say that it was error to permit the asking of the question complained of; and even if it were, no possible harm could have been done appellant in view of the testimony relating to this conversation.

The evidence was clearly sufficient to support the finding of guilty.

Judgment affirmed.