BEATTY *v*. STATE OF INDIANA.

[No. 30,283. Filed December 19, 1963.]

George M. Ober, and *Symmes, Fleming, Ober & Symmes,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General and *David S. Wedding,* Deputy Attorney General, for appellee.

ACHOR, J.—Appellant was charged by affidavit with the crimes of assault and battery with intent to commit rape and with rape while armed with a deadly weapon. Both charges were consolidated and tried before a jury. Appellant was found guilty of both charges and sentenced accordingly.

Appellant assigned as error and here argues the following grounds as cause for reversal:

First, that the verdicts of the jury were not sustained by sufficient evidence and were contrary to law. Upon this issue the law is well established.

"It is only when there is an absence of substantial evidence on an essential element of an alleged crime, or when the evidence is without conflict and leads to but one reasonable conclusion and the verdict of the jury reached a contrary conclusion, that the verdict will be disturbed as not being supported by sufficient evidence or as being contrary to law. *Bowens* v. *State* (1952), 231 Ind. 559, 109 N. E. 2d 91." *Weaver* v. *State* (1963), 243 Ind. 560, 187 N. E. 2d 485, 488.

This court has also said that on appeal the evidence most favorable to the state will be considered, together with all reasonable and logical inferences that may be drawn therefrom. *Grimes* v. *State* (1963), 244 Ind. 68, 190 N. E. 2d 663; *Myles* v. *State* (1955), 234 Ind. 129, 124 N. E. 2d 205.

We therefore examine the evidence in support of the conviction, which is as follows: Mrs. Georgeanna Mos-

baugh, who lived in the country near Walnut Grove, testified that at approximately 9:00 P.M. on September 7, 1959, appellant knocked at her door and asked her where Ethel Jones lived. She told him, and, as she turned to walk away from the door, appellant pulled a silver-plated pistol, pointed it at her and told her to stop. Appellant then forced her at gun-point to leave the house and accompany him in his car. As she entered the car, she saw a flashlight lying on the seat. She took hold of it with the thought of striking appellant, but, when appellant saw it, he took it away from her and threatened to kill her if she tried anything like that again. Appellant also told Mrs. Mosbaugh he would kill her if she screamed or hollered. The witness further testified that appellant drove her to a crossroads, where he forced her to have intercourse with him, against her consent. She stated that during this time she was very frightened and that she continued to resist the appellant. After the attack, appellant returned the witness near her home, and threatened her and her family if she told anyone about the attack. She then drove to her in-laws and related the attack.

Mrs. Mosbaugh described appellant's car as being a 1951 or '52 Chevrolet with a dark brown body and white or cream top. [Appellant had purchased such a car a few days before.] The witness stated that she got a good look at him for, as he stood at the door, a lamp inside the door lit his face. She also stated the outside light was on at the back door and, thus, she clearly saw appellant and his car as they went outside.

The witness identified appellant without hesitation from a group of photographs furnished her by the Deputy Sheriff. She identified appellant in a line-up at the county jail on November 5, 1959. The witness, sev-

eral times, pointed out appellant in the court room as the man who raped her.

The witness stated that she was pregnant at the time of the rape. Dr. J. C. Ambrose testified that on the night of September 7, 1959, he made a vaginal examination of Mrs. Mosbaugh. The results of the examination showed some spermatozoa present. He also testified that, in his opinion, Mrs. Mosbaugh was pregnant prior to the date of the rape.

Appellant makes much of the fact that he had alibi witnesses who proved that he was elsewhere at the time of the rape, and that under the circumstances no one could conclude beyond a reasonable doubt that he had committed the offense. However, a witness who lived approximately two and one-half miles from Mrs. Mosbaugh testified that on the night of September 7, 1959, at approximately 8:45, appellant parked his car at the end of his driveway and came to the front door and inquired as to where William Johnson lived. When the witness said he didn't know, appellant stated he would just have to go down the road a piece and see if he could find him. This witness stated that the porch light was on, and he got a good look at appellant. This witness also pointed out appellant, in the court room, as the man who came to his house that night.

Furthermore, although Bonnie Tinsley, an alibi witness who was appellant's sister, testified that at the time of the offense appellant was in her home in Kokomo, she also told a deputy sheriff that appellant left her house in Kokomo about 5:00 P.M. to return to Fortville by himself on the evening of September 7, 1959. The distance from Fortville to Walnut Grove [where Mrs. Mosbaugh lived] is approximately 18 miles, and from Kokomo to Walnut Grove is about 20 miles.

Other alibi witnesses were related to appellant or to such relatives.

Viewed in totality, appellant's alibi testimony creates nothing more than conflicting evidence, and it is well settled that on appeal this court will not weigh conflicting evidence nor judge the credibility of witnesses. *Beard* v. *State* (1961), 242 Ind. 222, 177 N. E. 2d 589; *Yarber* v. *State* (1962), 242 Ind. 616, 179 N. E. 2d 882; *Lander* v. *State* (1958), 238 Ind. 680, 154 N. E. 2d 507.

From the foregoing evidence, it is clear that the state had sufficient evidence to sustain the verdict.

Secondly, appellant asserts that the trial court erred in refusing to give appellant's tendered Instruction No. 9. This instruction was substantially covered by the trial court's Instruction Nos. 26, 32, 33, and 38, and, thus, no error resulted.

It is well established that:

"The trial court is not required to accept tendered instructions and give them in the exact language in which they are submitted. It may, so long as they are proper, give instructions in its own language, and when a subject is substantially covered in an instruction given by the court, it is not error to refuse one tendered by the defendant which is in substance the same but is couched in different language. *Bange* v. *State, supra* (1958), 237 Ind. 422, 435, 146 N. E. 2d 811." *DeBoor* v. *State* (1962), 243 Ind. 87, 182 N. E. 2d 250, 253.

As a final contention, appellant asserts that the trial court erred in denying defendant's motion to require the prosecuting witness, Georgeanna Mosbaugh, her husband, and her child born about seven months after the rape, and the defendant [ap-

pellant], to take blood tests. However, appellant does not make it clear what he would prove by such tests or how he was prejudiced by the denial thereof. Furthermore, he cites no authority for his contention, as is required by Rule 2-17(e) and (f) of this court. Therefore, we give no consideration to this contention.

Judgment affirmed.

Landis, C. J., Arterburn & Myers, JJ., concur; Jackson, J., concurs in the result.

NOTE.—Reported in 194 N. E. 2d 727.