EZZELL *v.* STATE OF INDIANA.

[No. 30,342. Filed March 12, 1965.]

*Richard M. Orr, Money, Orr, Bridwell & Fink,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

MYERS, J.—This was a criminal action brought by the State against appellant upon an affidavit charging appellant with resisting arrest or interfering with a police officer. Upon a plea of not guilty, the cause was submitted to a jury, evidence was heard and a verdict returned finding appellant guilty as charged and sentencing him to be imprisoned for 180 days. Judgment was entered accordingly. Motion for new trial was filed, overruled, and this appeal followed.

In his assignment of error, appellant claims in Proposition No. 1 that the verdict is contrary to law. The verdict reads as follows:

"We, the Jury, find the defendant, Rudolph Ezzell, guilty of Resisting *or* Interfering with an Officer, and that he be imprisoned for 180 days." (Our emphasis.).

Appellant submits that because of the use of the word "or" in the verdict, with no fine set out therein, it is so ambiguous, uncertain and indefinite as to be unenforceable and is contrary to law.

The statute on resisting arrest reads, in pertinent part, as follows:

"Whoever shall forcibly assault, resist, oppose, obstruct, prevent, impede *or* interfere with any peace or police officer of this state . . . shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined not to exceed one hundred dollars [$100] *or* imprisoned in the county jail or Indiana state farm not more than six [6] months, or both; . . . ." (Our emphasis.) Burns' Ind. Stat., § 10-1005, 1956 Replacement (Supp.).

We cannot comprehend how the use of the word "or" makes the verdict void. Appellant says that he has a right to know of which crime he was convicted, and that a verdict finding he was guilty of one or the other crime does not so inform him. However "resisting" and "interfering with" a police officer are relative terms. Apparently, they were included in one statute by the Legislature for that purpose. One can interfere with an officer by resisting him and vice versa. There is not enough difference between them to warrant separate statutes. Thus, we cannot see how appellant was harmed by use of the word "or" in the verdict. Failing to show he was harmed, he has waived consideration of this point. *Beatty* v. *State* (1963), 244 Ind. 598, 194 N. E. 2d 727; *Wright* v. *State* (1958), 237 Ind. 593, 147 N. E. 2d 551.

Appellant asserts that the verdict is void because no

fine was fixed as allegedly required by Burns' Ind. Stat., §9-1819, 1956 Replacement, which provides as follows:

"When the defendant is found guilty the jury, except in the cases provided for, in the next three [two] sections, must state, in the verdict, the amount of fine and the punishment to be inflicted; where the plea is guilty, or the trial is by the court, the court, subject to the same exception, shall assess the amount of fine and fix the punishment to be inflicted."

The sections referred to concern indeterminate sentences for persons under and over the age of thirty years and do not apply herein.

Under Burns' Ind. Stat., §10-1005, 1956 Replacement (Supp.), *supra*, it is clear that the jury had the option of imposing three separate punishments: (1) Imprisonment in jail or the State Farm; (2) a fine; (3) or both imprisonment and a fine. It is to be noted that this statute was passed by the Legislature in 1929, while Burns', §9-1819, was made a law in 1927. Accordingly, we do not think that §9-1819 supersedes the multiple latitude of punishment specifically provided in §10-1005 if for no other reason than that §10-1005 is the later and more modern expression of the Legislature and should prevail in its particular provisions as against the general provisions of §9-1819. It is a well-known rule that specific provisions of a statute take priority over general provisions. West's Ind. Law Ency., Vol. 26, Ch. 6, *Statutes*, §123, p. 332. Thus, the verdict is not void for failure to include a fine. Furthermore, in a case where a similar contention was made by appellants, it was stated by this court:

"While it is true that the jury might have imposed a fine in this case in addition to the imprisonment fixed by their verdict, their failure to do so was an error in favor of the appellants and gives them no cause for complaint in this court."

*Nichols et al.* v. *State* (1891), 127 Ind. 406, 414, 26 N.E. 839, 842.

In Proposition No. 2, appellant states that the verdict was not sustained by sufficient evidence. A summary of the evidence most favorable to the State reveals the following: Around 1:15 a.m. on September 17, 1961, a police officer saw appellant in the men's room of the Bus Station in Indianapolis. Appellant exposed himself to the officer, then followed the officer upstairs into the street where he made an indecent proposal to him. The officer showed appellant his badge and said he was placing him under arrest for obscene conduct. Appellant jerked himself away from the officer and started to run. The officer drew his gun and directed him to stand against the wall. Appellant grabbed at the pistol and was hit over the head. Another officer came along and between the two of them, appellant was subdued and taken into custody.

Appellant claims there was no legal arrest as the officer did not see any offense committed in his presence, did not have a warrant for his arrest and was not in pursuit of appellant for the commission of a felony. At most, he asserts that he had only offered to commit an offense, and that evidence of resistance to an illegal arrest is inadmissible.

The evidence was uncontradicted that the police officer placed appellant under arrest for obscene conduct. There is an ordinance of the City of Indianapolis which reads, in pertinent part, as follows:

> "Whoever utters, within said city, any obscene or licentious language, . . .; or whoever attempts to entice or procure a person of the opposite or same sex to commit an unlawful act; or whoever accosts or approaches any person and by word, sign or gesture, suggest or invites the doing of any indecent or unnatural act; on conviction, shall be fined in any sum not more than one hundred

dollars, to which may be added imprisonment not exceeding thirty days." *Municipal Code, 1951, of the City of Indianapolis, Indiana,* § 10-404, p. 553.

There was a valid, lawful arrest.

Proposition No. 3 alleges an error of law occurring at the trial wherein the court overruled an objection by appellant to a question to State's witness, Officer Kestler, on re-direct examination, the question, objection and ruling of the court being as follows:

"Question:

"The purpose of taking him around the corner was in the size of the two of you. Correct?"

"Objection:

"I object. That is a conclusion on his part—Sodomy—It is just a conclusion unless he can establish it to be a fact it does not prove any of the allegations alleged in the Charge. He is charged with resisting—not an act of Sodomy. All during the walking around there was no unlawful act made."

"Ruling of the Court:

"We do not need final argument yet. Objection overruled."

It is admitted in appellant's brief that:

"Appellant is not certain the error was fully and correctly preserved by the objection made but does submit that the question was certainly leading and asked for matters not within the issues of the cause which resulted in substantial injustice to the Appellant."

*Webster* v. *State* (1934), 206 Ind. 431, 190 N. E. 52, is cited as authority. This case holds that a leading question was not harmful when previous questions had been asked and answered without objection covering the substance of the answers given to the questions ob-

jected to. It goes on to say (at page 436 of 206 Ind., at page 54 of 190 N. E.) :

"The rule against leading questions is for the purpose of preventing the substitution of the language of the attorney for the thought of the witness as to material facts in dispute. *Tecumseh, etc., Mining Co.* v. *Buck* (1921), 192 Ind. 122, 134. 135 N.E. 481. The extent to which such questions shall be permitted rests primarily with the trial court in the exercise of a sound legal discretion. 'Cases are never reversed upon the ground that leading questions were permitted, unless it is made very clearly apparent that there was an abuse of discretion that did substantial injustice. A trial court has a large discretion in such cases and its ruling will always be upheld where there is not a plain and inexcusable abuse of this discretionary power.' *App* v. *State* (1883), 90 Ind. 73. 75."

First, we cannot see that the objection was based in the trial court on the grounds of a leading question. This is only brought out by appellant in his brief on appeal. An objection cannot be enlarged on appeal to include matters not involved in the original objection. *Richeson alias etc.* v. *State* (1953), 233 Ind. 1, 116 N. E. 2d 101; *Patton et al.* v. *State* (1960), 240 Ind. 364, 165 N. E. 2d 377.

Second, appellant has not shown how he was specifically prejudiced by the court's ruling. Mere allegation of harmful error unsupported by argument is insufficient. *Beatty* v. *State* (1963), 244 Ind. 598, 194 N. E. 2d 727, *supra*.

Judgment affirmed.

Arterburn, C. J., and Landis, JJ., concur.

Jackson, J., concurs in result.

Achor, J., not participating.

NOTE.—Reported in 205 N. E. 2d 145.