MARTHA SOWDERS v. HENRY S. MURRAY ET AL.

[No. 1071 A 216. Filed March 29, 1972. Rehearing denied April 25, 1972. Transfer denied September 15, 1972.]

*Lewellyn H. Pratt,* of Bloomington, for appellant.

*Donovan & Emery,* of Bedford, *Bunger, Harrell & Robertson,* of Bloomington, for appellees.

LOWDERMILK, J.—The sole issue presented for review by this court is whether or not the trial court erred in refusing to permit counsel to ask leading, contradictory, and impeaching questions to Mr. Vaughn Hubbard, a representative and agent of the adverse party, when Mr. Hubbard was called to testify by the plaintiff-appellant as her witness.

The real question before this court is whether or not the refusal by the trial court to permit the plaintiff leeway in questioning the adverse party under Rule TR. 43 (B) of the Indiana Rules of Trial Procedure is prejudicial error.

The complaint in this cause alleged plaintiff-appellant was a tenant of the defendant-appellee under a month to month lease and the defendant-appellee had failed to properly maintain a certain back porch on the rented apartment and the plaintiff-appellant was injured as a result of her stepping onto the porch and having a portion of the porch collapse,

causing her to step through up to her hip, breaking her left ankle.

The plaintiff-appellant further alleged that the defendant-appellee negligently repaired said porch and that she was permanently crippled as a result of said negligent repair. She asked for damages in the sum of $80,000.

The original defendant, Eugene B. Crowe, died after the commencement of this action. Henry S. Murray, Ralph Carmichael and Charles P. Burke were appointed Co-Executors of the estate of Eugene B. Crowe and the matter proceeded to trial on the third amended complaint of the plaintiff-appellant, Martha Sowders. In said complaint she alleges that the repaired condition of the back porch was under the control of the defendant and that the repairs and inspection thereof were within the knowledge of the defendant-appellee and that he owed a duty, either personally or by one of his agents, to inspect said porch. (We assume from such allegation naming the defendant that plaintiff-appellant alluded to Mr. Crowe, now deceased.)

The defendant-estate answered in general denial and the cause was tried to a jury on the 9th day of March, 1971.

Prior to trial the parties entered into a stipulation which was given by the court to the jury as a final instruction. Said stipulation reads as follows, to-wit:

"1. That defendant was owner of an apartment house on April 26, 1968, and for more than one year prior thereto located at 1417 H Street, Bedford, Indiana.

"2. That on April 26, 1968, and for more than one year prior thereto plaintiff was a tenant of defendant in said apartment house on a month-to-month oral lease.

"3. That on April 26, 1968, and for more than one year prior thereto, Vaughn Hubbard was the agent and employee of defendant, whose duty as employee-agent of the owner, it was to maintain and repair the apartment and apartment house located at 1417 H Street, Bedford, Indiana."

The plaintiff presented her evidence in chief and rested, after which the defendant's legal representatives moved for a judgment on the evidence, which was by the court overruled.

The defendant then rested without offering any evidence. The jury, after deliberation, returned a verdict for the defendant-estate and on which the court then entered judgment for the defendant-appellee and for costs.

Before the commencement of the trial the defendant-estate, by counsel, moved the court for separation of witnesses, stating to the court that Mr. Vaughn Hubbard would be retained in the courtroom as a representative of the defendant-estate.

The plaintiff called as her witness Mr. Vaughn Hubbard, who, as was stated, represented the defendant, and who, by stipulation of the parties, was the agent and employee of the defendant.

Prior to the plaintiff commencing direct examination of Mr. Vaughn Hubbard, the plaintiff requested the court to grant the plaintiff leeway in questioning Mr. Hubbard for the reason that Mr. Hubbard was a representative of the adverse party and was a hostile witness.

The court denied said request of plaintiff-appellant's counsel after defendant-appellee's counsel objected thereto, the objection being that the plaintiff-appellant could not ask leading questions until such time as the plaintiff-appellant demonstrated that the witness was a hostile witness.

Upon objection of counsel for the defendant-appellee, during trial, the plaintiff-appellant was prevented from pursuing certain lines of questioning, with a portion of the questions, objections, and court's rulings set forth as follows:

"Q. In your opinion, Mr. Hubbard, was the porch in good repair and condition on April 26, 1968?

"A. Well, I don't know that I can say good, I don't think I could describe it as good, it was in fair condition.

"Q. Could you describe it as being in poor condition?

"Mr. Harrell: To which we would object, he described it as in fair condition.

"Judge: The witness has answered the question, he says fair condition, I think that's what he means, I wouldn't suggest another answer to him and say that should be the answer.

"Mr. Pratt: That's why I wanted some leeway, your honor.

"Q. Do you think that if she walked out on the porch she would have to step very lightly?

"Mr. Harrell: To which we would object, your honor.

"Judge: I will sustain the objection. Its not what he thinks but what he knows.

"Q. And did you observe any other floor boards on the porch itself that were deteriorated?

"Mr. Harrell: To which we would object on this reason as it is being slightly leading.

"Judge: Well, I think that it is a little leading, after all he's your witness, Mr. Pratt, I don't think that he has been shown to be a hostile witness yet.

"Mr. Pratt: No, he hasn't your honor."

The plaintiff-appellant states that this appeal does not involve an interpretation of Rule TR. 43 (B) or whether or not it was applicable to the particular situation, but whether or not a court in refusing to permit leeway in questioning an adverse party as allowed by Rule TR. 43 (B) committed prejudicial error.

Rule TR. 43 (B) of the Indiana Rules of Trial Procedure is set forth as follows, to-wit:

"Scope of examination and cross-examination. A party may interrogate any unwilling or hostile witness by leading questions. A party may call an adverse party or an officer, director, managing agent or executive officer, or other person, duly authorized and consenting to testify on its behalf, of a public or private corporation or of a partnership or association which is an adverse party, and interrogate him by leading questions and contradict and impeach him in all respects as if he had been called by the adverse

party, and the witness thus called may be contradicted and impeached by or on behalf of the adverse party also, and may be cross-examined by the adverse party only upon the subject matter of his examination in chief."

It is the plaintiff-appellant's position that the application of Rule TR. 43 (B) is not a discretionary matter, but is a mandate to the court.

The plaintiff-appellant states that the right to cross-examine a witness is not a matter of procedure or evidence, but is fundamental to due process under our legal system. In reliance thereon she cites the case of *Armes* v. *The Pierce Governor Co.* (1951), 121 Ind. App. 566, 101 N. E. 2d 199.

The *Armes* case, *supra,* was an appeal from an order of the full Industrial Board denying the petition of an appellant to set aside and vacate a previous order which had been entered denying the appellant compensation from the so-called "second injury fund" provided in the Indiana Workmen's Compensation Act. The facts of this case indicate that the appellant was ordered to be examined by a physician of the Indiana Industrial Board's choosing. The doctor did examine the appellant and made its written report to the full Industrial Board. At no time did the appellant, his counsel, or any representative of the appellant or the Industrial Board have a chance to question the doctor as to his findings and particularly, the appellant, as to a very adverse report. Judge Bowen of this court, in reversing the Industrial Board, said:

"The right to cross-examine witnesses under oath is not a rule of procedure or evidence. It is fundamental to due process, and cannot, unless waived, be denied by any trier of facts, any court, or administrative tribunal. [Citing cases.]

"Under the circumstances shown by this record in this case where the adversary party, the employer, appears and concedes that the appellant is entitled to compensation out of the 'second injury fund,' and that he is industrially blind; and where the report of the employer's physician, Dr. E. O. Alvis, supports such informative answer, filed by the employer, it clearly appears that the appellant should

have had the opportunity of cross-examination of Dr. Flick, and an opportunity to refute such testimony at a hearing upon proper notice. . . ."

In the case at bar, in contrast to the *Armes* case, the plaintiff-appellant did have the right and did question its adverse witness, who was called by plaintiff-appellant. The plaintiff-appellant further cites the Civil Code Study Commission, Proposed Final Draft of Rules, August 6, 1968, at page 173 of the comments to Rule 43 (B), which states:

> "By allowing leading questions of a hostile witness prior Indiana law is followed by this provision. *Accord,* Webster v. State (1934), 206 Ind. 431, 436, 190 N. E. 52; Conway v. State (1889), 118 Ind. 482, 21 N. E. 285. The positive mandate of the statute will make the matter less one of judicial discretion, *Compare* Williams v. Allen (1872), 40 Ind. 295. The right to call an adverse party, or an officer, director, managing agent of a private or public corporation, partnership, or association which is an adverse party is not new and will enlarge the provisions of Burns' Stat., § 2-1728 which will be superseded."

The Judicial Study Commission's comments, are not binding on this court. We are not in complete agreement with them. It is still fundamental in Indiana that the examination of witnesses, while generally conducted by counsel, is subject to the control of the court which has a wide discretion therein. Phases of the examination, such as the length and time that a witness shall be examined and the manner and mode of his examination are under the control of and within the discretion of the trial court. 30 I. L. E. *Witnesses,* § 81, p. 81. Likewise, the scope, extent, method and manner of cross-examination *must* be under the control of the trial court and rest in its sound discretion.

In *Kavanagh* v. *Butorac* (1966), 140 Ind. App. 139, 221 N. E. 2d 824, the court said:

> "The scope, extent, method and manner of cross-examination must be under the control of the trial court. These rest in its sound discretion. . . .

"In matters of knowledge, intent, and the like, as a general rule, the cross-examiner is given wide latitude. That is true where such matters are pertinent to the issues of the case. *New York Life Ins. Co.* v. *Lahr* (1923), 192 Ind. 613, 631, 137 N. E. 673.

"Evidence of knowledge or intent is inadmissible, however, if the legal significance of the witness' action is not affected by it....

". . . Since the legal significance of appellee's knowledge of the danger is unimportant no error was committed in sustaining objections to the questions even if the evidence can be considered to be relevant or material about which we have some doubt."

Whether or not Rule TR. 43 (B) is determined to be mandatory or discretionary, its import is clearly not to limit the power of the trial court to control the form, subject or manner of the witness' examination or cross-examination. Furthermore, Rule TR. 43 (B) does not relate to the admissability or inadmissability of evidence as such, but merely to the method of examining a witness. 3 Harvey Ind. Prac. 273.

Our Supreme Court in the case of *Ezzell* v. *State* (1965), 246 Ind. 268, 205 N. E. 2d 145, at page 274 quoted with approval from *Webster* v. *State* (1934), 206 Ind. 431, 190 N. E. 52:

" 'The rule against leading questions is for the purpose of preventing the substitution of the language of the attorney for the thought of the witness as to material facts in dispute. . . . The extent to which such questions shall be permitted rests primarily with the trial court in the exercise of a sound legal discretion. "Cases are never reversed upon the ground that leading questions were permitted, unless it is made very clearly apparent that there was an abuse of discretion that did substantial injustice. *A trial court has a large discretion in such cases and its ruling will always be upheld where there is not a plain and inexcusable abuse of this discretionary power."* . . .' " (Our emphasis.)

We recognize in the case at bar the cause is being appealed because a leading question propounded to an alleged adverse

witness was not permitted to be answered. The case at bar is distinguished from the *Ezzell* case, *supra,* where our Supreme Court held that a trial court's permitting a leading question to be answered over an objection was not reversible error. However, we cite the *Ezzell* case for the general tenor setting out the trial court's responsibility for exercising judicial discretion in the control of the questioning of a witness.

In the case of *Ohio, etc., Ins. Co.* v. *Dobbs* (1920), 74 Ind. App. 685, 126 N. E. 869, 129 N. E. 484, this court said:

". . . The question was objected to on the ground that it was an attempt by appellant to impeach its own witness, and the objection was sustained. This ruling was error. . . . a party may in all cases contradict his witness by other evidence and by showing that he has made statements different from his present testimony. The following cases so hold: [Citing cases.] The only limitation is that the testimony given must have been prejudicial, and certainly such testimony as the witness in this case had given was highly prejudicial. It is also proper to refresh the memory of a witness. . . ."

The Supreme Court in *Smith* v. *State* (1969), 252 Ind. 425, 249 N. E. 2d 493, a criminal case, stated:

". . . in every trial the court has a duty to keep questioning within reasonable bounds and to avoid undue belaboring of witnesses concerning their answers to questions."

The plaintiff-appellant, to re-state the reason for this appeal, has asked this court to determine whether or not Rule TR. 43 (B) is a mandatory instruction for the trial court to allow the interrogation of an unwilling or hostile witness by leading questions in an attempt to contradict and impeach him. From a simple reading of the Rule it appears to this court that said Rule is not a discretionary, but is a mandatory rule by which the trial court must abide. However, as this court has gone to some length to point out, the trial court still has the discretion to determine what

questions are misleading or contradictory, are relevant or irrelevant, and of such a nature that they would not inflame or prejudice the jury. This burden on the trial court has not been altered or changed by Rule TR. 43 (B).

Furthermore, the plaintiff-appellant has wholly failed to indicate anywhere in her brief how she was prejudiced in the presentation of her evidence by the court's refusal to permit the witness to answer leading and impeaching questions and the record shows no offer to prove facts excluded by the court during the testimony of Mr. Hubbard made by the plaintiff-appellant to preserve her record and show the violation of Rule TR. 43 (B).

In *Lipner* v. *Lipner* (1971), 256 Ind. 151, 267 N. E. 2d 393, the court said:

> "Appellant next claims the trial court erred in sustaining objections to all questions whereby appellant attempted to elicit information as to the life style of the appellant and appellee and their family prior to their divorce. However, the appellant failed to make any offer to prove which is required when an objection is sustained to a question asked on direct examination. See T.R. Rule 43 (C). This requirement was also in effect prior to the present rule. See *Isenhour* v. *Speece* (1958), 238 Ind. 293, 150 N. E. 2d 749; *Kavanagh* v. *Butorac* (1966), 140 Ind. App. 139, 9 Ind. Dec. 538, 221 N. E. 2d 824."

The plaintiff-appellant having failed to make and save her record in the trial court cannot now claim that she was prejudiced by the court's refusal to permit the witness, Mr. Hubbard, to answer her leading question on direct examination. Mr. Hubbard was called by plaintiff-appellant as her witness and her attorney, in response to a ruling by the court on the objection to the leading question and remark of the trial judge, to-wit: "Well, I think that it is a little leading, after all he's your witness, Mr. Pratt, I don't think that he has been shown to be a hostile witness yet." replied "No, he hasn't your honor."

The plaintiff-appellant having admitted to the court that the witness was not hostile precluded her from impeaching said witness as an adverse and hostile witness. Trial Rule 43 (B) cannot be invoked until a party has demonstrated the witness is unwilling or hostile. Plaintiff-appellant, as above stated, admitted the witness was not hostile. An offer to prove would not have been proper after such admission of counsel and further had the witness been hostile the error was waived by failure to make an offer to prove as hereinabove stated.

Judgment affirmed.

Robertson, P.J., Lybrook, J., concur.

NOTE.—Reported in 280 N. E. 2d 630.