STEVEN HEGG *v.* STATE OF INDIANA.

[No. 1-475A71. Filed January 29, 1976.]

*George E. Sawyer,* of Richmond, for appellant.

*Theodore L. Sendak,* Attorney General, *John R. O'Bryan,* Deputy Attorney General, for appellee.

PER CURIAM—Defendant-appellant, Hegg, brings this appeal from his conviction of second degree burglary raising the sole issue of whether the trial court erred in failing to declare an alleged accomplice, a hostile witness.

Finding no abuse of discretion, we affirm the trial court.

This criminal action was brought against Hegg and Maurice Hoffman based upon an affidavit filed on October 8, 1974, charging them with second degree burglary. Hegg's motion for separate trial was granted and his jury trial commenced on November 19, 1974.

Hoffman had cooperated with Hegg in the preparation of his defense, and after the State had presented its evidence, Hoffman was called as a defense witness. However, Hoffman invoked the fifth amendment and refused to answer any questions concerning the events surrounding the crime on the grounds that it might tend to incriminate him. When Hegg's defense counsel attempted to further question Hoffman, the prosecuting attorney objected on the basis that counsel's questions were leading. Hegg's counsel then requested the court to declare Hoffman a hostile witness and allow the use of leading questions. The court refused to do so and sustained the objections of the prosecuting attorney.

The jury found Hegg guilty of second degree burglary, and he was sentenced to an indeterminate term of not less than two years nor more than five.

Hegg brings this appeal contending that the trial court's refusal to declare Hoffman a hostile witness denied him a fair trial.

Had the court granted the motion, Hegg asserts that he could have then asked leading questions directed toward the credibility of Hoffman and whether or not a deal had been made between Hoffman and the prosecution. He also argues that evidence would have been elicited tending to prove him not guilty of the offense charged.

The extent to which leading questions will be permitted is within the sound discretion of the trial court. On appeal it must be shown that there was an abuse of discretion. *Shipman* v. *State* (1962), 243 Ind. 245, 183 N.E.2d 823; *Muehlman* v. *Keilman* (1971), 257 Ind. 100, 272 N.E.2d 591.

The record of the proceedings in the present case does not reveal an abuse of the court's discretion constituting reversible error.

As a general rule, a party may interrogate a hostile witness by the use of leading questions. *Rogers* v. *State* (1974), 262 Ind. 315, 315 N.E.2d 707, Ind. Rules of Procedure, Trial Rule 43(B). However, this rule may not be invoked until the party has demonstrated to the court's satisfaction that the witness is hostile. *Sowders* v. *Murray* (1972), 151 Ind. App. 518, 280 N.E.2d 630.

After a few preliminary questions, Hoffman invoked the fifth amendment and refused to answer any further questions from Hegg's counsel. Hegg contends that his conduct was sufficient to show that Hoffman was a hostile witness and should have been subject to examination by leading questions. We do not agree.

Hoffman was called to the stand by Hegg in anticipation of testimony favorable to his defense. Prior to invoking his right to remain silent, Hoffman had said nothing prejudicial to Hegg's defense nor offered further evidence of guilt. Moreover, we do not believe that invoking the fifth amendment is sufficient, in itself, to compel the conclusion that a witness is hostile. Thus, Hoffman's conduct was not such that the court abused its discretion in failing to declare him a hostile witness.

Finally, Hegg has not shown how he was prejudiced by the refusal of the trial court to allow leading questions. Hegg asserts that he was unable to inquire into Hoffman's motive or interest or whether a bargain had been struck between Hoffman and the prosecutor. However, such facts would be relevant only for impeachment purposes had Hoffman previously given testimony harmful to Hegg's case. In the present case, Hoffman had not given *any* testimony relevant to Hegg's guilt or innocence. Also, had leading questions been allowed, Hoffman, in all probability, would have again invoked his fifth amendment privilege and refused to answer.

The trial court's refusal to declare Hoffman a hostile witness was not an abuse of discretion.

Judgment affirmed.

NOTE.—Reported at 340 N.E.2d 390.