Nancy HARVEY, Individually and As Administratrix of the Estate of Donald Harvey, Deceased, Appellant (Plaintiff Below),

v.

BOARD OF COMMISSIONERS OF WABASH COUNTY, Indiana, Appellee (Defendant Below).

No. 2–579A138.

Court of Appeals of Indiana, Second District.

Feb. 26, 1981.

Rehearing Denied April 13, 1981.

had established the precedent that written findings of fact must be made. Those cases are cited in *Newton*.

Lawrence W. Leck, Chicago, Daniel J. Harrigan, Bayliff, Harrigan, Cord & Maugans, P. C., Kokomo, for appellant.

Don W. Wyneken, Ralph R. Blume, Blume, Wyneken & Bullman, Fort Wayne, David L. Kiley, Kiley, Osborn, Kiley, Harker & Rogers, Marion, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Nancy Harvey (Harvey) appeals from a grant of summary judgment in favor of Wabash County (County), claiming the trial

court erred in holding (1) that the court was immune from liability pursuant to I.C. 34-4-16.5-3(7) and (2) that the trial court's action is otherwise erroneous in holding that the *Indiana Manual on Uniform Traffic Control Devices for Streets and Highways* provided, pursuant to I.C. 34-4-16.5-3(6), only suggested standards for road signs which had been installed assuming the inapplicability of I.C. 34-4-16.5-3(7).

We reverse and remand.

## FACTS

The facts do not appear to be in dispute. On November 30, 1976, Donald and Nancy Harvey were westbound on Wabash County Road 1300 traveling at between 50 and 55 miles per hour. It was daylight, the pavement was dry, and there was no need for headlights. Kevyn Paul Hendsbee (Hendsbee) was driving north on County Road 100 west. He was also going about 50 miles per hour. The intersection of county roads 1300 north and 100 west is a right angle intersection in the country. Fields and trees surround the intersection, obscuring the view of each road from the other.

A "yield" sign, a key subject of this litigation, faced Hendsbee as he approached the intersection. The triangular sign was described in depositions as a black and yellow triangle, 30 inches on each side. It was mounted on a post 4.2 feet above the paved portion of County Road 100 west, and 6 feet right of the paved portion of the road.

As Hendsbee approached the intersection he removed his foot from his accelerator and positioned it over his brake pedal, but did not depress his brake. Immediately before entering the intersection, he said he caught a glimpse of the Harvey car in the corner of his eye and slammed on his brakes. His car nevertheless entered the intersection, striking the Harvey car, killing the driver, Donald Harvey, and seriously injuring Nancy Harvey. Hendsbee also sustained injuries. His car left 23 feet of skid marks; the Harvey car left no skid marks, thus leading police to conclude that Harvey had not hit his brakes at all. Hendsbee was later convicted of failing to yield right-of-way.

Nancy Harvey commenced this suit against Wabash County alleging that the "yield" sign in question (the sign) did not conform to the standards of the *Indiana Manual on Uniform Traffic Control Devices for Streets and Highways* (the Manual). The Manual requires that as of December 31, 1974, all yield signs in Indiana would be black and red rather than yellow and black. Furthermore, the Manual provides that the minimum size for a yield sign in Indiana is 36 inches on each side as opposed to the 30 inch dimensions of the sign in place at the time of the accident, and that signs be at least 6 feet above the pavement.

Numerous depositions were taken and published by the court, on which it based its determination of summary judgment. The Court found in favor of Wabash County and Harvey perfected this appeal.

## ISSUES

Appellant presents two issues for review:
(1) whether the court erred in granting defendant's motion for summary judgment on the basis that defendants are immune from liability under the facts of this case due to the provisions of I.C. 34-4-16.5-3(7) (hereinafter referred to as the Immunity Statute).
(2) whether the court could properly have granted Wabash County's motion for summary judgment on the basis that the guidelines of the Manual regarding the placement of signs are suggestions for discretionary acts (as immunized by I.C. 34-4-16.5-3(6)) as opposed to directives for ministerial functions.[1]

1. Harvey has not raised any issue on appeal regarding the question of proximate cause. Under the holding of *Hayes Freight Lines v. Wilson* (1948), 226 Ind. 1, 77 N.E.2d 580, even in cases of negligence per se brought about by violation of statute an issue of proximate cause exists. It is for the jury to decide whether the non-conformance of the sign set Hendsbee's negligence in operation, or whether his error would have occurred notwithstanding the type of sign posted.

## PARTIES' CONTENTIONS

Defendant Wabash County argued that pursuant to I.C. 34-4-16.5-3(7) it is immune from civil liability because the failure to replace the sign in conformance with the Manual constituted "the adoption and enforcement of or failure to adopt or enforce a law" as defined by the statute. The County also argued that the guidelines set forth in the Manual are suggestions which can be followed voluntarily, and that the placement of road signs *and their maintenance* are discretionary acts. Harvey argues to the contrary.

## DECISION

*ISSUE ONE*—Whether the court erred in granting defendant's motion for summary judgment on the basis that defendants are immune from liability under the facts of this case due to the provisions of I.C. 34-4-16.5-3(7) (hereinafter referred to as the Immunity Statute).

*CONCLUSION*—The trial court erred in granting summary judgment on the basis that the County was immune from liability under I.C. 34-4-16.5-3(7), the Immunity Statute.

That section of the code grants immunity to governmental entities engaged in

> the adoption and enforcement of or failure to adopt or enforce a law, including rules and regulations, unless the act of enforcement constitutes false arrest or false imprisonment.

*Id.*

■ The Immunity Statute, by its plain language, protects governmental entities from suit based on their failure to promulgate or enforce laws. Discretionary acts are immunized; ministerial acts are not. If a county or city is acting not as a sovereign which has failed to compel a subject to obey the law or as a sovereign which has not promulgated a law but rather as a subject of the law issued by a higher sovereign (the State), the Immunity Statute does not apply.

In this case the trial court's rationale was that the county's non-conformity with the manual was akin to a determination not to adopt an ordinance. I.C. 9-4-2-1 *et seq.*, however, require that the manual *shall* be adhered to by all governmental agencies installing road signs:

Manual; scope

Sec. 1. The Indiana Manual on Uniform Traffic Control Devices for Streets and Highways *shall* be adhered to by all governmental agencies within the state responsible for the signing, marking and erection of all traffic control devices on all streets and highways within the state

. . .

Manual; statewide application

Sec. 2. All streets and highways within the State *shall* be signed and marked in conformity with the Indiana Manual on Uniform Traffic Control Devices for Streets and Highways by January 1, 1971. (The Sign Statute)

I.C. 9-4-2-1; -2 (emphasis added).

■ Thus the Immunity Statute is inapplicable here because adherence to the Manual has been specifically *required* of all counties in Indiana by the legislature. The plain words of the Sign Statute establish the guidelines that counties must follow. The State, acting through the legislature, requires counties to follow the Sign Statute. Wabash County is subject to, and not a discretionary enforcer of, the provisions of the Manual. Simply put, the question is "Did Wabash County break the law?" *Not* "Did Wabash County make the law?"

■ The trial court construed the Sign Statute and the Immunity Statute as dealing with identical subject matter and therefore in conflict. We do not so regard them. Because by its terms the Sign Statute establishes a ministerial duty, while the Immunity Statute by its terms relieves a governmental entity from liability for failure to do certain discretionary acts, the two

statutes address different situations. They are not in conflict.[2]

Despite the mandatory language found in the Sign Statute, Wabash County argues that it retains discretion as to how a sign will be maintained after it is placed. The discretionary concept fostered by the county is fallacious. *Board of Commissioners of Delaware County v. Briggs* (1975), 167 Ind. App. 96, 337 N.E.2d 852, dispelled any doubt in this regard:

> The county contends that the statute is purely discretionary, and as such no duty is created by it. We note once again that it is uncontroverted that signs had been placed at this intersection on various dates at least two years prior to the accident. That being so, the statute, wherein it provides "shall place and maintain," is *no longer discretionary* in character but creates a duty on the part of the county to reasonably maintain those signs that it has in the past determined should be placed at the various intersections.

*Id.* 167 Ind.App. 96, 337 N.E.2d at 867. (emphasis added).

The act of placing a sign thus changes the essential legal character of a county's liability. The *Briggs* court determined that because of this essential change, they did not need to determine whether the agents of the County were exercising their discretion in the initial decision to *place* the signs,

as the negligence alleged in *Briggs*, as here, was failure to *maintain* the signs. "The act was ministerial in nature rather than discretionary under the well settled Indiana rule." *Id.* 167 Ind.App. 96, 337 N.E.2d 863.

■ *Briggs* continues to be good authority in Indiana. The County's argument that the *Briggs* case is not applicable because it predated the enactment of the Immunity Statute is unavailing. Our determination that the passage of the Immunity Statute does not affect the vitality or applicability of the Sign Statute disposes of this argument.[3]

In sum, in light of the plain, mandatory language of the Sign Statute (I.C. 9–4–2–1 *et seq.*) and the previous interpretation of that language in *Briggs, supra,* we must conclude that the trial court erred as a matter of law in basing its decision for summary judgment exclusively on the applicability of the Immunity Statute.

*ISSUE TWO*—Whether the court could properly have granted Wabash County's motion for summary judgment on the basis that the guidelines of the Manual regarding the placement of signs are suggestions for discretionary acts (as immunized by another subsection of the Immunity Statute, I.C. 34–4–16.5  3(6))[4] as opposed to directives for ministerial functions.

---

2. *Assuming* as the trial court did, that the two statutes are in conflict, we are still not persuaded that immunity exists. One, the Immunity Statute is a general statute, and general statutes do not override or supersede specific provisions in other statutes or rules unless there is a clearly expressed intent to do so. *State ex rel. Dedelow v. Lake County Court* (1978), Ind., 383 N.E.2d 284; *County Council, etc. v. Department of Public Welfare, etc.* (1980), Ind.App., 400 N.E.2d 1187, 1190. And further, repeal of statutes by implication is not a favored result in this state and such a repeal will occur only if it is clear that the statutes are so inconsistent that it must be assumed the legislature did not intend that both remain in force. *Schrenker v. Clifford* (1979), Ind., 387 N.E.2d 59.

The Sign Statute, I.C. 9–4–2–1 *et seq.*, is a specific provision directing counties to follow a specific set of guidelines. Construing the statute *in pari materia* so as to harmonize and give effect to each other, *Schrenker, supra,* we find

no language in the Immunity Statute or the Tort Claims Act that the legislature intended to implicitly repeal the Sign Statute, nor are we aware of any reason why the specific mandatory language of the Sign Statute should not control the general language of the Immunity Statute. *See Dedelow, supra; Ezzell v. State* (1965), 246 Ind. 268, 205 N.E.2d 145; *Grether v. Indiana State Board of Dental Examiners* (1959), 239 Ind. 619, 159 N.E.2d 131.

3. The Tort Claims Act, of which subsection 7 is a part, took effect on February 19, 1974. The parties have not raised, nor do we address, questions going to the applicability of any other section of the Act to this case.

4. "A governmental entity . . . is not liable if a loss results from

    ·    ·    ·    ·    ·

  (6) the performance of a discretionary function."

*CONCLUSION*—The trial court's judgment can not be affirmed on the theory that the County could exercise discretion under the Manual directives.

 As previously discussed, *Briggs* is controlling authority as to the binding nature of the Manual on county officials once they have made the discretionary determination to erect a sign in the first place. As conceded by Wabash County,

> The only issue in the *Briggs* case is whether or not the defendant's failure to replace the intersection sign was a mere ministerial act or a matter of discretion. The appellate court's holding on the issue was that the failure to replace the fallen sign was a mere ministerial act as distinguished from the discretionary act of determining that the sign should have been placed at the intersection in the first instance.

Brief of the County at 12.

While we agree with this description of the holding in *Briggs*, we question Wabash County's characterization of a ministerial act as "mere." While failure to perform a discretionary act must rise to level of abuse of discretion in order to justify recovery, the guidelines for non-feasance of ministerial acts are spelled out by the Sign Statute. Assuming the existence of the requisite proximate cause (see footnote 1, *supra*), liability for failure to perform ministerial acts may be imposed if violation of statute or rule is established. In this case the statutory requirements binding Wabash County officials are found in the Manual. The plain words of the Sign Statute require adherence thereto, and the *Briggs* holding is in accord with the plain words of those statutes. We therefore find that the trial court's decision cannot be justified by implicitly finding that compliance with the Manual under these circumstances constituted a discretionary act.

The County distinguishes certain cases cited by Harvey from the facts of this case. In light of our disposition of the two preceding issues, while Wabash County's arguments may ultimately prove compelling, they constitute factual controversies that cannot be disposed of through summary judgment and therefore must be resolved by trial.

Reversed and remanded for further proceedings consistent herewith.

SHIELDS, J., concurs.

SULLIVAN, J., concurs in result.