James H. SMITH, Jr., Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 2–1279A396.

Court of Appeals of Indiana,
Second District.

Oct. 29, 1981.

---

John R. Politan, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Appellant-defendant James H. Smith, Jr. (Smith) appeals from one conviction of possessing a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge, a class D felony (possession); and two convictions of attempting to possess a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge, class D felonies (attempt), claiming (1) the evidence is insufficient on the possession

conviction, and (2) a prior attempt conviction may not form the basis of enhancing the penalty for convictions of attempt and possession from class A misdemeanors to class D felonies.

We reverse in part and remand for resentencing as class A misdemeanors instead of class D felonies.

## FACTS

This case was transferred to this office on July 23, 1981.

The sufficiency of the evidence is challenged only as to the possession conviction; the evidentiary sufficiency of the two attempt convictions is uncontested.

The facts most favorable to the judgment of conviction for possession disclose that Smith entered the Super X Drugs at 3664 South East Street, Indianapolis, and presented a prescription to pharmacist Scott R. Splichel (Splichel). Suspicious of Smith, Splichel delayed filling the prescription until police arrived at the drugstore and arrested Smith as he proceeded through the checkout line.

The prescription was written on a form in the name of Dr. Jeffrey Ferguson (Dr. Ferguson), who testified that the signature on the form was not his, that blank prescription forms were stored in the examination room, and that patients frequently were left unattended in that room. Further, Splichel said that he had called Dr. Ferguson to verify the prescription, who advised him that the prescription was unauthorized.

In a trial to the court, Smith was convicted of possession (one count) and attempt (two counts). Each conviction carried a two-year sentence, with the sentences to be served consecutively. Because Smith had a prior unrelated attempt conviction in addition to the three present convictions, the penalties for all three were enhanced from class A misdemeanors to class D felonies under the possession statute, IC § 35-48-4-14.

On appeal, Smith raises this issue [1] for our consideration:

1. Smith also claims the evidence supporting his possession conviction is insufficient, although he recognizes that the evidence is conflicting. We do not weigh conflicting evidence, but af-

*ISSUE*—May a prior conviction of attempt be used to increase the penalty for a later conviction of attempt or possession from a class A misdemeanor to a class D felony?

*PARTIES' CONTENTIONS*—Smith argues that Ind.Code § 35–48–4–14(c), the subsection providing for the possession offense, permits a penalty enhancement only upon proof of a prior conviction *under that subsection*. The crime of attempt is set out in section 35–41–5–1, with other offenses of general applicability, and therefore is not a prior conviction under subsection 35–48–4–14(c).

■ The State fails to see the merit in Smith's rendition of the law, saying the crime of attempt in section 35–41–5–1 is equivalent to the crime of possession in subsection 35–48–4–14(c). The State reaches this conclusion by interpreting the attempt section as treating an attempt as the equivalent of the crime attempted; consequently, a prior conviction of attempt would be the same as a prior conviction of possession. A prior conviction of attempt therefore justifies a trial court's increasing the penalty for later convictions of attempt or possession from class A misdemeanors to a class D felonies.

*CONCLUSION*—A prior conviction of attempt may not be used to increase the penalty for a later conviction of attempt or possession from a class A misdemeanor to a class D felony.

■ In reaching this conclusion we are guided by several maxims of statutory construction, the paramount one being that " '[w]ords and phrases shall be taken in their plain, or ordinary and usual, sense.' " *Owens v. State,* (1981) Ind.App., 424 N.E.2d 169, 172 (quoting IC § 1–1–4–1). The words of subsection 35–48–4–14(c), which

defines the offense of possession and its penalty, are unambiguous:

A person who knowingly or intentionally acquires possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge commits a Class A misdemeanor. However, the offense is a Class D felony if the person has a *prior conviction* of an offense *under this subsection.* (Emphasis added).

The emphasized language states that the penalty is increased for a prior conviction "under this subsection," which is subsection 35–48–4–14(c). The attempt statute, I.C. § 35–41–5–1, is a section, is not a subsection, and certainly is not subsection 35–48–4–14(c). Attributing the plain and ordinary meaning to the words of subsection 35–48–4–14(c), only a prior conviction of possession under that subsection may serve to enhance the penalty. A prior conviction of attempt will not do.

■ Another applicable principle of statutory construction is that the specific controls over the general. *Ezzell v. State,* (1964) 246 Ind. 268, 205 N.E.2d 145; *Foley v. Consolidated City of Indianapolis,* (1981) Ind.App., 421 N.E.2d 1160. Section 35–41–5–1 is an offense of general applicability.[2] Its language is that the penalty for an attempt is of the same class as the crime attempted, not that an attempt *is* the crime attempted. Subsection 35–48–4–14(c) specifically restricts enhancement of the penalty for a prior conviction of an offense *under that subsection,* not section 35–41–5–1.

The language of subsection 35–48–4–14(c) appears even more specific when compared to IC § 35–48–4–11, a statute providing for enhancement of the penalty for possession of marijuana or hashish if there has been "a prior conviction of an offense *involving*

---

firm if substantive evidence of probative value supports the conviction. *James v. State,* (1976) 265 Ind. 384, 354 N.E.2d 236. The testimony of the physician and pharmacist was sufficient evidence to establish that Smith knowingly or intentionally acquired possession of a controlled substance by prohibited means.

**2.** IC 35–45–4–1 reads in part:

A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a Class A felony.

marijuana or hashish." (Emphasis added). The subsection with which we are concerned does not allow enhancement if there has been a prior conviction "involving" a controlled substance, but only if there has been a prior conviction *under the subsection.*

Another handle to grasp in our search for legislative intent is that criminal statutes are construed narrowly against the State. *Cape v. State,* (1980) Ind., 400 N.E.2d 161; *State v. Bigbee,* (1973) 260 Ind. 90, 292 N.E.2d 609.

While it is true this rule of construction will not be used to exclude cases fairly within the terms of a statute, *Cape v. State, supra; State v. Bigbee, supra,* no convincing argument is offered by the State that the legislature sought to treat an attempt as being in all respects identical with the crime attempted.

In view of the specificity in subsection 35–48–4–14(c) regarding enhancement, the common and ordinary meaning of the language in that subsection, the policy favoring a narrow interpretation of criminal statutes, and the lack of any compelling reason for concluding that the legislature intended an attempt to be treated in all respects equivalent to the crime attempted, we conclude (without any Indiana cases to guide us) that a prior conviction of attempt may not be used to increase the penalty for a later conviction of attempt or possession from a class A misdemeanor to a class D felony.

Reversed and remanded with instructions to re-sentence consistent with this opinion.

SHIELDS and SULLIVAN, JJ., concur.